## McCARTHY v. TROLL.

### Opinion delivered April 19, 1909.

1. JUDGMENTS—PROOF OF FOREIGN JUDGMENT.—To maintain an action on a judgment against a plea of *nul tiel record,* a certified copy of the judgment is not sufficient, but all the pleadings and proceedings on which the judgment is founded, and to which as matter of record it necessarily refers, must be produced. (Page 200.)

2. ADMINISTRATION — CONCLUSIVENESS OF ORDER SUBSTITUTING ADMINISTRATOR.—Where a court of another State ordered that upon the termination of the term of office of a public administrator his successor be substituted as plaintiff in an action brought by the former, such order is conclusive on the courts of this State in an action brought by the substituted administrator. (Page 202.)

3. SAME — RIGHT OF FOREIGN REPRESENTATIVE TO SUE. — Where a representative has recovered judgment in an action brought by him in his representative capacity in the jurisdiction of his appointment, he may sue thereon in another jurisdiction without taking out ancillary letters of administration. (Page 203.)

Appeal from Garland Circuit Court; *W. H. Evans,* Judge; affirmed.

#### STATEMENT BY THE COURT.

This is an action by Henry Troll, public administrator in charge of the estate of Don C. Thatcher, deceased, of St. Louis, Missouri, upon a judgment which, it was alleged, one William C. Richardson, who was then public administrator of the city of St. Louis in the State of Missouri, and who as such administrator

was in charge of the estate of said Don C. Thatcher, deceased, had recovered against the said P. J. McCarthy and Nellie Mc-Carthy on the 7th day of May, 1900, in the circuit court of the city of St. Louis, within and for the State of Missouri. The judgment was for the sum of $8,000.

The defendants demurred to the complaint because it did not state facts sufficient to constitute a cause of action, and also filed an answer denying the allegations of the complaint. Subsequently they filed an amendment to their answer, in which they denied that plaintiff had the legal right or authority to prosecute this suit.

There was a trial by jury, and a verdict for $8,000 with 6 per cent. interest from May 12, 1900.

Judgment was entered upon the verdict, and the defendants have duly prosecuted an appeal.

The facts are sufficiently stated in the opinion.

*Wood & Henderson,* for appellant.

1. A certified copy of a judgment rendered in another State is inadmissible to prove that a judgment was rendered unless accompanied by a transcript of all the pleadings and proceedings on which the judgment was founded. 47 Ark. 120; 70 Ark. 343; 78 Ark. 246.

2. The order of the Missouri court substituting appellee as party plaintiff was inadmissible because there were no pleadings before the court to show that the Missouri court had jurisdiction to make the order. It requires a sufficient showing of cause to displace a public administrator who has already assumed the settlement of an estate, and such a showing is necessary to give the court jurisdiction to make the order. I Rev. Stat., Missouri, 1889, § 301.

Hart, J. (after stating the fact). In the case of *Hallum* v. *Dickinson,* 47 Ark. 120, it was held that, "to maintain an action on a judgment against a plea of *nul tiel record,* a certified copy of the judgment is not sufficient, but all the pleadings and proceedings on which the judgment is founded, and to which as a matter of record it necessarily refers, must be produced." See also *Hall* v. *Roulston,* 70 Ark. 343; *Swing* v. *St. Louis Refrigerator & Wooden Gutter Co.,* 78 Ark. 246.

Counsel for appellant contend that this requirement was not complied with in the present case. This action was commenced on the 4th day of January, 1908, and a copy of the judgment sued on duly certified by the clerk of the court in which it was rendered; and his certificate, duly authenticated by the judge of said court, was filed with the complaint as an exhibit, and was introduced in evidence in the case. Copies of the complaint, summons, with the return, showing service, and the answer of the defendants P. J. and Nellie McCarthy, separately certified by the clerk and authenticated by the judge of said court, were also introduced in evidence.

Counsel for appellant contend that there was no evidence to show that the complaint and judgment were parts of the same action, and that therefore the complaint and judgment, being authenticated by separate certificates of exemplification, bearing different dates, were insufficient proof to sustain the judgment now in question.

The record shows that all the proceedings were in a case in the circuit court of the city of St. Louis, within and for the city of St. Louis and State of Missouri, styled, "William C. Richardson, Public Administrator in charge of the estate of Don C. Thatcher, deceased, v. William H. Stevenson, J. Brooks Johnson, Albert Thatcher, Thatcher Restaurant Company, a corporation, Edward Ketchum, Patrick J. McCarthy and Nellie McCarthy, Howard Realty Company."

The record also shows that the complaint in that case was filed May 25, 1898, and summons was issued on it the same day. A part of the return on the summons is as follows:

"I further executed this writ in the city of St. Louis this 25th day of May, 1898, by delivering a copy of the writ as furnished by the clerk to Patrick J. McCarthy, defendant herein.

"Henry Troll, Sheriff,
"By Wm. D. McManus, Deputy."

And also: "I further executed this writ in the city of St. Louis on this 25th day of May, 1898, by delivering a copy of the writ as furnished by the clerk to Nellie McCarthy, a defendant herein.

"Henry Troll, Sheriff,
"By Wm. D. McManus, Deputy."

It also shows that the answer of Patrick J. and Nellie Mc-
Carthy was filed on October 15, 1898, and that the judgment was
entered of record on May 7, 1900.

Wm. D. McManus, a deputy sheriff, testified that the sig-
nature attached to the return was his signature, and that, while
he had no personal recollection of having made the service, he
would not have made such return if he had not delivered a copy
to the said defendants personally.

Paul Reiss testified that he was acquainted with Patrick J.
McCarthy, and that as his attorney he prepared and caused to be
filed the answer above referred to. That he was employed as
such attorney by said Patrick J. McCarthy for himself and for
his wife, Nellie McCarthy.

The deposition of Patrick J. McCarthy taken in the case
above referred to in the circuit court of the city of St. Louis,
in which he testified that he was one of the defendants to the
suit, was read in evidence.

L. Frank Artoffy testified that he was a lawyer, and lived
in St. Louis, Mo.; that he was the attorney who brought the
suit in the circuit court of the city of St. Louis, which resulted
in the judgment sued on; that he became acquainted with
Patrick J. McCarthy in that litigation, and that the Patrick J.
McCarthy, the defendant herein, is the identical person who testi-
fied in that case, and that in July, 1900, he came to Hot Springs
and talked with McCarthy about the judgment which had
been recovered against him; that McCarthy said he did not
have anything, and that nothing could be made out of him. The
complaint showed that it was a suit in replevin. The prayer was
for a return of the property and five thousand dollars damages
for its detention; and, in case a delivery of the property could
not be had, judgment in the sum of ten thousand dollars, the
value thereof, was asked. This was sufficient to show that the
judgment sued on was rendered in the action in which the com-
plaint, answer and the summons introduced in evidence were
filed; and also to identify appellants as the defendants in the
action in which the judgment sued on was rendered.

Under the laws of the State of Missouri, a public adminis-
trator is elected in each county in the State and in the city of

St. Louis. His term of office is four years. Rev. Stat. of Mo. (1889) § 296.

An order of said circuit court of the city of St. Louis, duly certified by the clerk and authenticated by the judge, made on the 10th day of December, 1907, showing that Henry Troll, then Public Administrator of said city of St. Louis, was substituted as plaintiff in the place of said William C. Richardson. The court had the power to make the order of substitution upon the discharge of Richardson, and the order itself is conclusive upon us that it was made upon a proper showing.

"Where a representative has recovered a judgment in an action brought by him in his representative capacity in the jurisdiction of his appointment, he may sue thereon in his own name in another jurisdiction without taking out ancillary letters of administration." 18 Cyc. p. 1239 and cases cited.

Finding no prejudicial error in the record, the judgment will be affirmed.