## TAYLOR v. BACON.

### Opinion delivered January 15, 1912.

1. HUSBAND AND WIFE—EFFECT OF JUDGMENT AGAINST MARRIED WOMAN. —Under the Married Women's Act of Kentucky of March 15, 1894, a married woman can not resist the enforcement of a judgment against her on the grounds that she was liable only as a surety in the note upon which the judgment was rendered, as that defense could have been made in the original action. (Page 100.)

2. FOREIGN JUDGMENT—CONCLUSIVENESS.—A judgment of the court of another State is conclusive as to the merits of the original cause of action. (Page 102.)

3. Attachment—estate of devisee.—The estate of a devisee is subject to attachment against him in the same manner as other beneficial legal estates. (Page 102.)

4. Judgment—effect.—A judgment which, after the usual recitals, adjudges that the plaintiff "do recover herein, under her cause of action stated in her original petition," certain sums of money, etc., is a personal judgment. (Page 102.)

Appeal from Jackson Circuit Court; *Charles Coffin,* Judge; affirmed.

### STATEMENT BY THE COURT.

On the 1st day of July, 1910, E. J. Bacon, as executor of the estate of Rebecca S. Turner, deceased, filed a complaint in the Jackson Circuit Court against Anna R. Taylor to recover a balance of $14,530.54 with accrued interest upon a judgment alleged to have been rendered in the chancery court of Jefferson County, Kentucky. The complaint alleges in substance that on the 2d day of March, 1908, Rebecca S. Turner recovered judgment against John D. Rudd, Thomas S. Rudd and Anna R. Taylor, in the chancery court of Jefferson County, Kentucky, in the sum of $7,210 and accrued interest alleged to be due on certain promissory notes executed by the said defendants to said plaintiff in 1904, and the further sum of $41,000, and accrued interest upon promissory notes executed by said defendants to said plaintiff in 1902. That a mortgage was given by said defendants to said plaintiff to secure said indebtedness, and a decree of foreclosure was also entered.

The complaint also alleges that Rebecca S. Turner departed this life on the 28th day of September, 1909, and that the plaintiff E. J. Bacon was duly appointed on the 1st day of October, 1909, as executor of her estate; that on the 21st day of April, 1910, said judgment was revived in the name of E. J. Bacon, as executor of the estate of Rebecca S. Turner, deceased; that on the 9th day of May, 1910, the court made an order approving the sale made by the commissioner under the decree of foreclosure, and finding that there was a balance due plaintiff by said defendants of $14,530.54 with interest from said date until paid at the rate of 6 per cent. per annum. The prayer of the compaint is for judgment for the plaintiff against the defendant for said sum.

On the 2d day of July, 1910, attachments were issued on

the ground that the defendant was a nonresident of the State of Arkansas, and the writs were levied on lands in White and Jackson counties, as lands of the defendant, devised to her by her brother, Thomas S. Rudd.

The defendant answered, denying all of the material allegations in the complaint. She further stated that she is a married woman, having no separate business in her own right, and is without authority under the law of the State of Arkansas to contract personal obligations not in connection with her sole and separate business of her own, and that a personal judgment against her above the security given by her on her obligation in the courts of Kentucky is not obligatory, and is without force and effect under the laws of the State of Arkansas. She further alleges that the said judgment upon which this suit is based is for a balance due under an alleged sale of the securities given by her to secure a loan to the said Thomas S. Rudd during his lifetime; that the property attached in this action is property devised to her by the said Thomas S. Rudd, and is still in the hands of the administrator of his estate for the payment of probated debts against his estate and is not subject to attachment.

The plaintiff introduced in evidence certified copies of the judgments rendered in the chancery court of Jefferson County, Kentucky, and also a certified copy of all of the pleadings and proceedings upon which said judgments are founded.

The court found for the plaintiff, and rendered judgment in his favor for the amount named in the complaint. The defendant has duly prosecuted an appeal to this court

*Watkins & Vinson,* for appellant.

A married woman failing to plead coverture as a defense to an action in Kentucky is not estopped in another action from contesting the enforcement of the judgment. 10 Ky. Law Rep. 303; 83 Ky. 305.

The law of Arkansas will govern this case, regardless of whether the judgment in Kentucky was valid. 57 L. R. A. 520, note; 124 Mo. 178; 31 R. I. 106; 114 Pa. St. 101; 39 W. Va. 721; 46 Miss. 618; 15 Ark. 465. No personal obligation can be enforced in this State above the securities pledged by her for the payment of the surety debt. 35 Ark. 372; 36 Ark. 476; 43 Ark. 165; 66 Ark. 113; *Id.* 437.

*Jones & Campbell* and *John W. Newman,* for appellee.

The title to the land is in the devisee to do with as she pleases.   74 Ark. 157.   The heirs' interest is such that, even before distribution, it may be seized by attachment or sold under execution.   23 Fla. 437; 17 Vt. 280; 17 Mass. 81; 126 Ia. 447; 102 N. W. 157; 150 Cal. 597; 119 Am. St. R. 254; 89 Pac. 333.   The defense of coverture may, in Kentucky, be set up in a collateral action.   89 Ky. 577.   But since the passage of the Married Woman's Act she must make` her defense in the original action.   109 Ky. 472   59 S. W. 746; 66 S. W. 502; 60 S. W. 491; 105 Ky. 414; 49 S. W. 311; 124 S. W. 360; 116 S. W. 331.   The judgment is final, although some order of the court may be necessary to carry it into effect.   13 Pet. 141. Judgment may be given against defendant personally.   Ky. Code Civ. Proc. § 376.

The personal judgment is enforceable against appellant's separate real property.   Ky. Stat. § 2129;   116 S. W. 331. The judgment, enforceable in Kentucky, must be enforced here. 80 U. S. 497;  Kirby's Digest, § 7823;  138 S. W. 308;  160 U. S. 531; 45 N. Y. 542; 22 Ark. 393; 42 Ark. 17; 137 S. W. 568;  35 Ark. 331.

HART, J., (after stating the facts).   Counsel for the defendant contend that, under the laws of the State of Kentucky, she is entitled in a collateral action in that State to set up the fact that she was a married woman at the time of the execution of the notes and at the time of the rendition of the judgment in the Jefferson County Chancery Court of Kentucky, and that she became bound merely as a surety.   In short, they contend that the personal judgment rendered against her in the chancery court of Jefferson County, Kentucky, was void.   They rely upon the cases of *Stevens* v. *Deering,* 10 Ky. Law Reporter, p. 303 and *Parsons* v. *Spencer,* 83 Ky. 305.

It is true that in those cases it was held that a personal judgment against a married woman upon a contract made by her during coverture is void, and that she may resist its enforcement against her general or separate estate.   The reason given by the court for its ruling was, that, legally speaking, she had no personal existence.   But the law of that State in this regard has been changed by the act of March 15, 1894, being sections 2127-8 *et seq.,* Kentucky Statutes.   In the case of *Wren* v.

*Ficklin* 59 S. W. p. 746, the Court of Appeals of Kentucky held: "Under the Married Women's Act of March 15, 1894, a married woman can not resist the enforcement of a judgment against her on the grounds that she was liable only as surety in the note upon which the judgment was rendered, as that defense could have been made in the original action." The court said.

"The rights of the parties to this litigation must be determined by the act of March 15, 1894, and the general doctrine as to the validity of judgments. Section 2128 of that act provides that a married woman may 'make contracts and sue and be sued, as a single woman, except that she may not make any executory contract to sell or convey or mortgage her real estate, unless her husband joins in such contract.' Section 2127 also provides that 'no part of a married woman's estate shall be subjected to the payment or satisfaction of any liability, upon a contract made after marriage, to answer for the debt, default or misdoing of another, including her husband, unless such estate shall have been set apart for that purpose by deed of mortgage or other conveyance.' Section 2128 certainly confers upon a married woman the right to make contracts and sue and be sued. If she can sue and be sued she has the same right to make the defense to an action as a single woman would have. If she can be sued and she is capable of making a defense to the action, then whatever judgment may be rendered against her is binding. She must be relieved from the effects of that judgment and the consequences of it in the same way that a single woman would get relief."

The court held that the language of the married woman's act does not, nor was it intended to, put it within the power of a married woman, after her liability had been fixed by the judgment, to then plead that it was an obligation for the debt of another. In short, the court held that in all respects, except within the exceptions pointed out in the statute, a married woman, so far as her property rights are concerned, stands in the same position as if she were a single woman. To the same effect, see *Shanklin* v. *Moody*, 66 S. W. 502, 23 Ky. L. Rep. 2063; *Howard* v. *Gibson*, 60 S. W. 491, 22 Ky. L. Rep. 1294.

By section 518 of the Civil Code of Practice of Kentucky the court in which a judgment has been rendered has power, after the expiration of the term, to vacate it for erroneous proceedings against a person under disability, except coverture, if the condition of the defendant does not appear in the record, nor the error in the proceedings. *Eversole* v. *First National Bank of Hazard,* 124 S. W. (Ky.) 360. The proceedings in the chancery court of Jefferson County, Kentucky, showed that defendant in this action was a married woman. She should, therefore, have set up as a defense to that action that she signed the note sued on as surety, and, not having done so, she is precluded by the judgment rendered against her. *Swearingen's Executor* v. *Tyler.* 116 S. W. (Ky.) 331, and authorities cited *supra.*

In the case of *Jordan* v. *Muse,* the court held: "A judgment of the court of another State is conclusive as to the merits of the original cause of action." 88 Ark. 587; *McCarthy* v. *Troll,* 90 Ark. 199.

The court sustained the attachments which were levied on the lands of the defendant devised to her by her brother Thomas S. Rudd. The court did not err in so holding. Since each devisee or legatee has a legal estate which may be alienated or devised by him, such estate is subject to execution or attachment against him in the same manner as other beneficial legal estates. 17 Cyc. 983; 2 Freeman on Executions, (3 ed.), § 183; *McClellan* v. *Soloman,* 23 Fla. 437; *Hyde* v. *Barney,* 17 Vt. 280; *Procter* v. *Newhall,* 17 Mass. 81; *Byerly* v. *Sherman,* 126 Ia. 446, 102 N. W. 157; *Martinovich* v. *Marsicano,* 150 Cal. 597, 119 Am. St. Rep. 254, 89 Pac. 333.

It is next contended by counsel for the defendant that no personal judgment was rendered against Anna R. Taylor in the chancery court of Jefferson County, Kentucky. We can not agree with their contention in this regard. The judgment there, omitting the style of the case, is in part as follows:

"This cause having been heard and submitted in chief upon the pleadings, exhibits and proof and upon the entire record, and the court being fully advised, it is considered and adjudged by the court that the plaintiff, Rebecca S. Turner, do recover herein, under her cause of action stated in her original petition," certain sums of money; "and that the said

plaintiff, Rebecca S. Turner, do further recover herein under her cause of action stated in her amended petition" certain other sums of money, "and that said plaintiff, Rebecca S. Turner, do further recover herein her costs herein expended and incurred, including all costs of sale herein."

It follows that the judgment should be affirmed.