## WHITEHEAD v. BISHOP ET AL.

*Trusts—Voluntary trust an equitable gift, and delivery of property essential—Nontestamentary trust defeated by donor retaining control over property, when—Evidence—Clear proof of delivery necessary to establish trust, when.*

1. Where donor of notes, securities, and money received interest on notes during lifetime, and had access and control over securities, there was no delivery of property in trust to trustee or donee during lifetime of donor which was necessary to give effect to nontestamentary trust.

2. Voluntary trust is an equitable gift, and, like a legal gift *inter vivos,* must be complete.

3. When donor undertakes to divest himself of entire ownership of property by direct transfer to donee or conveyance to trustee for donee's benefit, transaction is not complete unless there is actual delivery of property or of instrument signifying donor's intention of parting with control over it, and, if third person is selected to act as trustee, subject of trust must be transferred so as to pass legal title.

4. Nontestamentary trust, to be established in law, requires clear proof of delivery of property sought to be placed in trust.

(Decided October 19, 1925.)

APPEAL: Court of Appeals for Licking county.

*Messrs. Fitzgibbon, Montgomery & Black,* for plaintiff.

*Messrs. Flory & Flory* and *Mr. C. G. L. Yearick,* for defendants.

HOUCK, P. J.  The plaintiff, Gwennie Whitehead, brought suit to set aside an alleged trust contract

wherein Thomas Harris, the father of plaintiff, in his lifetime attempted by a paper writing to transfer to the defendants herein, as trustees, $17,000 in bonds, notes, mortgages and money, the purpose of said purported transfer, as set forth in the paper writing, being that such trustees should turn over such trust fund, together with any accumulations thereon, to the village of Alexandria, Ohio, for the establishment and maintenance of a public library to be known as the Harris Memorial Library. However, if the village refused to accept the fund for said purpose, then and in that event the trustees were authorized and directed to turn over the fund to the board of education of the village of Alexandria. Plaintiff in her petition alleged that said claimed or so-called trust was never in fact and law executed, by reason of the fact that the property was never delivered to the trustees in the lifetime of Thomas Harris, but he continued to and did have control of same during his entire lifetime, and said property never was in fact and law in possession of the trustees.

The answer of defendants denied all of the material allegations set forth in the petition of plaintiff. Upon the issues thus raised by the pleadings, the cause was submitted to this court upon a transcript of the testimony, taken in the trial in the common pleas court, together with oral testimony offered in the trial in this court. The cause was ably presented in oral argument by counsel for plaintiff and defendants, and we have examined all of the authorities cited, together with many others obtained by our own research. We think that, under the pleadings and evidence, but one question is presented to this court for determina-

tion, to wit: Was there a delivery of the property in question by Thomas Harris during his lifetime to the defendants, his trustees named in said paper writing? The evidence offered upon this question is undisputed, and is that, during the lifetime of Thomas Harris, he received the interest on some of the notes alleged to have been turnd over by him to said trustees, that at times he had access to some of the mortgages and securities alleged to have been absolutely turned over by him to said trustees, and that in other ways he had such control of them or at least a part of them as would clearly indicate that he had not divested himself of the ownership therein.

Therefore we are fully satisfied from the evidence that the bonds, notes, mortgages, and property of Thomas Harris were not in fact and law delivered to the trustees by said Thomas Harris in his lifetime. It, no doubt, was the intention of Thomas Harris to create the trust in question, and to give the property described in the paper writing to either the village of Alexandria, for the purpose of establishing a Thomas Harris Memorial Library, or to the board of education of the village of Alexandria, upon the terms and conditions stated in said paper writing. But one of the essential elements necessary to carry out the gift was lacking, namely, delivery of the property sought or intended to be given. In other words, it is the opinion of this court that under the facts as established by the evidence, there being no delivery of the property in question during the lifetime of the donor to either the trustees or donee, it necessarily follows that there is or was an unexecuted gift.

We think the rule is well settled that a voluntary trust is an equitable gift, and like a legal gift *inter vivos* must be complete. Since delivery is essential to the consummation of a gift, it follows that, whenever the donor undertakes to divest himself of the entire ownership, either by direct transfer to the donee or conveyance to the trustees to hold for the donee's benefit, the transaction will not be complete unless there is actual delivery of the thing given or of the instrument by which the donor signifies his intention of parting with the control of it. If the donor selects a third person to act as trustee, the subject of the trust must be transferred to him in such mode as will be effectual to pass the legal title.

It seems to us that applying this rule of law to the facts as disclosed by the testimony offered in the trial this court is bound to and must reach the conclusion that there was no delivery in fact and law of the property which said Thomas Harris attempted to place in trust with the defendants.

Before a trust can be established in law, it must be clearly proven that there was a delivery of the property sought to be placed in trust. We are fully satisfied that the evidence in this case does not show a delivery of the property sought to be placed in trust by that degree of proof required in law. In our opinion the rule of law stated in the case of *Worthington, Admr., v. Redkey, Exr.,* 86 Ohio St., 128, 99 N. E., 211, when applied to the facts in the present case is decisive in favor of the plaintiff and against the defendants upon the issue here raised. The syllabus of above case is:

"Where property is claimed as a gift by way of a trust which is not testamentary, it devolves upon

the donees to prove an express and certain trust for their benefit, either assumed by the donor himself or imposed upon a third person, and in the latter case that the property or the legal title thereto passed beyond the dominion or control of the donor in his lifetime, to the donees or to the person designated as a trustee for them.''

It therefore follows that the plaintiff is entitled to all the relief prayed for in her petition, and judgment is accordingly entered in favor of the plaintiff and against the defendants.

*Decree for plaintiff.*

SHIELDS, J., concurs.