McCRAW, ADMINISTRATRIX, v. SIMPSON.

4-7597                                                187 S. W. 2d 536

Opinion delivered April 9, 1945.

*Roy Frye* and *Hardin, Barton & Shaw,* for appellee.

Holt, J. August 13, 1941, Hugh Simpson, a resident of Sequoyah county, Oklahoma, died testate. Appellee, Mary B. Simpson, his widow and third wife, was appointed domiciliary administratrix of his estate. Appellant, Mrs. Nellie McCraw, is Hugh Simpson's daughter by his first wife and is a resident of Ft. Smith, Arkansas. Appellees, A. Toller and Omer Toller are residents of Ft. Smith, Arkansas.

On July 1, 1944, Mrs. McCraw was appointed ancillary administratrix of Hugh Simpson's estate in Ft. Smith, Arkansas. Shortly after Mary B. Simpson's appointment as administratrix in Oklahoma, she instituted suit in that state on behalf of the Hugh Simpson's estate against Mrs. Nellie McCraw, individually, and A. Toller and Omer Toller, lessees of certain tracts of farm lands in Oklahoma which Hugh Simpson had by deeds and will given to Mrs. McCraw, which suit involved, among other things, ownership of rentals in the amount of $1,123.65, growing out of the lease, *supra.* This litigation finally found its way into the Oklahoma Federal Court where there was a decree in favor of Mary B. Simpson, administratrix of the estate of Hugh Simpson, deceased, for this fund. That decree was subsequently affirmed by the Circuit Court of Appeals, Tenth Circuit, on March 17, 1944. (*McCraw* v. *Simpson, et al.,* 141 F. 2d 789.)

January 7, 1942, appellees, A. Toller and Omer Toller, filed their complaint, in the nature of a bill of interpleader, in the chancery court of the Ft. Smith district of Sebastian county, Arkansas, in which they alleged in substance that they had in their possession $1,123.65 which they owed as rentals under their lease, *supra*; that both Nellie McCraw and Mary B. Simpson, as administratrix of the estate of Hugh Simpson, deceased, were claiming this money. They deposited the money in the registry of the court and prayed for an order directing its payment to the proper party.

Mrs. McCraw, individually, answered, denying the estate's right to the money and claimed it as her own, and

further challenged the jurisdiction of the court. Mary B. Simpson, domiciliary administratrix, filed answer to the bill of interpleader denying that Mrs. McCraw had any claim on the funds in question, asserted that she, as administratrix of Hugh Simpson's estate, was entitled to this fund and prayed that the court so decree.

Thereafter, on June 27, 1944, the cause came on for trial and the court determined the issues in favor of Mrs. Mary B. Simpson, administratrix, but before this decree was entered of record, Mrs. McCraw on June 3, 1944, filed a motion for a new trial, and on July 5, 1944, upon a hearing on this motion, the court ordered the decree of June 27th held in abeyance until all parties could be heard. At that time, Mrs. McCraw, as ancillary administratrix, filed an intervention alleging that she had been appointed ancillary administratrix of the estate of Hugh Simpson on July 1, 1944, by the Sebastian probate court; that the Fentress Mortuary and the Forest Park Cemetery are creditors of said estate in the approximate amount of $550, and that these creditors are residents of Ft. Smith, Arkansas, and that the said funds herein "should be turned over to your intervener herein as ancillary administratrix . . . to the end that such Arkansas creditors shall be paid the sums due the respective creditors; that there is held by this court the sum of $1,123.65, less costs, which should be paid over to your intervener herein," and prayed for a decree accordingly.

September 6, 1944, Mary B. Simpson, domiciliary administratrix, filed answer to the intervention of Nellie McCraw, ancillary administratrix, in which she denied the allegations therein, asserted her right to the money as domiciliary administratrix of Hugh Simpson's estate in Oklahoma, and further alleged that the claims of the Fentress Mortuary and the Forest Park Cemetery had been duly filed in Sequoyah County Oklahoma Probate Court, had been allowed by that court, and ordered paid.

On September 14th, the cause came on for final hearing, at which all parties were present in person and by their attorneys. The cause was heard upon the evidence

which was offered on June 27, 1944, and upon all exhibits and pleadings subsequently filed and then before the court. The court found, among other things, "that the intervention of the ancillary administratrix is without equity; that the claims of Oscar Fentress and Forest Park Cemetery, of Ft. Smith, Arkansas, exhibited and filed by them voluntarily with the principal administratrix in Sequoyah county, Oklahoma, should be paid out of said estate; that said claims were duly filed voluntarily by the claimants with the principal administratrix in Sequoyah county, Oklahoma, in apt time and were by said administratrix allowed and were by her presented to the County and Probate Court of Sequoyah county, Oklahoma, and by that Court allowed and ordered paid; that said claims have been duly established by that court; that there is no necessity or occasion for their probate here in this case. And the court finds that the ownership of the fund involved has been adjudicated, all parties involved in the case having had their day in court, by the United States District Court for the Eastern District of Oklahoma, and that the fund is the property of the estate of Hugh Simpson, deceased, and has been treated as in the hands of the administratrix in Oklahoma, and by consent of all of the parties—excepting only, the ancillary administratrix—by Mrs. Nellie (Penelope) McCraw, individually, adjudged against the said A. Toller and Omer Toller in favor of Mrs. Mary (Hugh) Simpson, principal administratrix of the estate of Hugh Simpson, deceased, in Sequoyah county, Oklahoma; that the equities of the case require that said fund be paid to her and administered by her; that the rights and interests of the claimants, Oscar Fentress and Forest Park Cemetery cannot be jeopardized or hurt thereby," and there was a decree in conformity with these findings. This appeal followed.

The primary contention of appellant is that the Sebastian Chancery Court was without jurisdiction.

It is our view, however, that the court did have jurisdiction and that appellant's contention is untenable. Mary B. Simpson, as domiciliary administratrix of Hugh Simpson's estate in Oklahoma, voluntarily entered her appear-

ance in the Sebastian county, Arkansas, Chancery Court, by answers filed April 15, 1942, and September 6, 1944, in which she denied that appellant, Nellie McCraw, either individually or as ancillary administratrix, was entitled to the rent money in question, but that she, Mary B. Simpson, as administratrix, was entitled to this money for the benefit of Hugh Simpson's estate, and her prayer, which was in effect a cross-complaint, even though not so labeled, was that the court decree the money be paid to her.

The trial court thus acquired jurisdiction under the provisions of § 1309 of Pope's Digest, which provides: "Administrators and executors appointed in any of the States, Territories or districts of the United States, under the laws thereof, may sue in any of the courts of this State, in their representative capacity, to the same and like effect as if such administrators and executors had been qualified under the laws of this State." Act Feb. 1, 1843, p. 105.

In *McCarthy* v. *Troll*, 90 Ark. 199, 118 S. W. 416, this court said: "Where a representative has recovered a judgment in an action brought by him in his representative capacity in the jurisdiction of his appointment, he may sue thereon in his own name in another jurisdiction without taking out ancillary letters of administration." See, also, *St. Louis, I. M. & S. Ry. Co.* v. *Cleere,* 76 Ark. 377, 88 S. W. 995.

The fund in question here had been adjudged by the U. S. Federal Court for the Eastern District of Oklahoma, on March 5, 1943, to belong to the estate of Hugh Simpson, and directed (quoting from that decree) "that under said lease executed July 14, 1939, by said Hugh Simpson, and respondent, Penelope McCraw, to defendants, A. Toller and Omer Toller, said respondent, Penelope McCraw, shall take, have, receive, and recover, all of the rents, revenues, and profits from said land after December 31, 1941, throughout the life of said Toller lease and forever thereafter, but that plaintiff, Mary B. Simpson, as administratrix of the estate of Hugh Simpson, deceased, shall have and recover of and from the defend-

ants, A. Toller and Omer Toller, the sum of $1,123.65,'' etc. This judgment as noted, *supra,* was later affirmed on appeal to the Circuit Court of Appeals for the Tenth Circuit.

We must and do give full faith and credit to this foreign Judgment (art. 4, § 1, Const. of United States) where, as here, there is no contention that such judgment was fraudulently obtained or that the court wherein it was obtained was without jurisdiction.

In *Lewis* v. *United Order of Good Samaritans,* 182 Ark. 914, 33 S. W. 2d 53, this court said: ''The weight of authority is to the effect that a foreign judgment, under the full faith and credit clause of the Constitution and the laws enacted thereunder, is conclusive on collateral attack except for fraud or want of jurisdiction.''

In the instant case, Mary B. Simpson, as administratrix, not only had the right to appear, as she did, in the Arkansas court, but it was her duty to do so in protecting funds adjudged to belong to the estate which she represented as administratrix.

After a careful review of the record presented, we have reached the conclusion that the court's findings are in all things correct, and accordingly, the decree is affirmed.