VAUGHAN *v.* SHIREY.

4-8417                                                       208 S. W. 2d 441

Opinion delivered February 16, 1948.

936

*Alston & Woods,* for appellant.

*Will Steel* and *E. P. Price,* for appellee.

Smith, J. Appellants recovered a judgment in a district court in Texas against Dr. W. L. Shirey in 1987, for $40,116.29, plus interest and costs. Suit was filed on this judgment in the Little River Circuit Court, in this state, in which case a writ of attachment issued, and was levied upon certain real estate in that county, and the rents maturing on the attached property were impounded. Dr. Shirey was then, and is now, a resident of the State of Texas. He made no appearance and service on him was had by the publication of a warning order. The property on which the attachment was levied had been owned by Dr. Shirey's wife, who died testate in 1947. Her will, which was duly probated in Little River county, reads as follows:

"Know All Men By These Presents:
"That I, Alice M. Shirey, of Texarkana, Texas, being of sound mind and memory, do make, publish and

declare this to be my Last Will and Testament, revoking all others.

"First: I nominate and appoint my husband, W. L. Shirey, the Executor of my estate without bond, and desire that he be required to file only an inventory of my estate with the Court as the law requires, and that he be not required to file any further statements or make any further reports to the Court.

"Second: I direct that all my just debts and funeral expenses be paid.

"Third: I devise and bequeath to my granddaughter, Marilyn Shirey Bors't the sum of $1.00.

"Fourth: I devise and bequeath to my granddaughter, Jeanne Shirey Brackin all of my household goods.

"Fifth: I direct that my Executor keep my estate intact as nearly as possible, and I also direct that my Executor shall hold in trust my entire estate, receiving only the income therefrom during his lifetime to be used for necessary expenditures.

"Sixth: In the event my husband should die prior to my death, then it is my desire that the income only from my five brick buildings located in Foreman, Little River county, Arkansas, shall go to my son, Guy O. Shirey during his lifetime, to be used exclusively by him, but at his death title to the aforesaid buildings shall revert to my daughter, Fay Roberts, and granddaughter, Jeanne Shirey Brackin, or to their surviving heirs, to be divided equally.

"Witness my hand this 27th day of October, A. D. 1943."

An intervention was filed in this attachment case by the Hon. Will Steel of Texarkana, Arkansas, in which he alleged that Dr. Shirey had declined to qualify as executor, and had resigned as trustee, and that intervener had been appointed in the doctor's stead. He alleged that the administration of the estate was then pending in Little River county, but he did not allege that any debts had been probated against the estate, or that

there were any debts which might be probated. The Probate Court of Little River county granted Steel permission to intervene in the attachment suit, and he did so by filing a motion to dissolve the attachment on the ground that Dr. Shirey had no interest in his wife's estate which was subject to seizure under an attachment or otherwise. This motion was sustained and the attachment was dissolved, and from that order and judgment is this appeal.

For the reversal of this judgment it is insisted that Dr. Shirey took a life estate in the attached property. Whether he did or not under the will set out above is the question for decision.

Under the authority of the case of *Taylor* v. *Bacon*, 102 Ark. 97, 142 S. W. 1128, it is conceded that if Dr. Shirey took a life estate under the will of his wife this estate is subject to be seized under an attachment, and to sale under an execution, but it is denied that Dr. Shirey took that estate, or any other, under the will of his wife, which is subject either to attachment or execution.

It was said in the case of *Robertson* v. *Schard*, 142 Ia. 500, 119 N. W. 529, 134 Am. St. Rep. 430, by the Supreme Court of Iowa, that: "The wife is under no obligation to give or devise to an insolvent husband her own estate when she knows that it will be immediately absorbed by his creditors, and if she can construct a trust from which he may derive some benefit, without vesting him with an estate or interest which is subject to levy, or other legal process, at the suit of such creditors, and thereby make sure that he will not become an object of public charity, there is no good reason in law or morals why she should not be allowed to do so."

We are cited to no case which questions this power. Indeed appellants do not question the existence of this right and power, but insist that it was not exercised in an effective manner, and that the will devised a life estate to the husband and that he was the sole beneficiary under the will.

At § 99 of the Restatement of the Law of Trusts, p. 270, the law is stated to be that the sole beneficiary of a trust cannot be the sole trustee of the trust, and as it is insisted that Dr. Shirey was named as sole trustee for his benefit alone, his trustee interest was merged and he became the owner of a legal life estate which is subject to seizure under an attachment and to sale under an execution. Cases are cited in a note appearing in the chapter on Trusts, 54 Am. Juris. § 117, to the same effect.

It is argued also for the reversal of the judgment here appealed from, that Shirey became the trustee of the estate in question at the instant of the death of his wife, but we do not agree. The probate of the will was essential before the trust became effective, and upon its probate Shirey declined to serve as executor or trustee, and requested that Steel be appointed in his stead, which was done.

We said in the case of *Carr* v. *Harrington,* 107 Ark. 535, 155 S. W. 1166, "Trusts arise when property has been conferred upon one person and accepted by him for the benefit of the other. In order to originate a trust, two things are essential; first, that the ownership conferred be connected with a right or interest or duty for the benefit of another; and, second, that the property be accepted on these conditions."

The court was without power to compel Shirey to act either as executor or as trustee, and he declined to serve in either capacity, but the trust did not fail for that reason, if a trust had been created. It is familiar law that equity will not permit a trust to fail through the failure of the named trustee to serve, but will in that event appoint another trustee, and Shirey declined to serve.

It is apparent that Mrs. Shirey intended that the executor named by her should also serve as trustee. The court did not lack the power to appoint an executor when the named executor declined to serve, and this appointment constituted the executor as trustee, as the testatrix manifestly intended that the executor and

trustee should be one and the same person. It does not appear that the chancery court, sitting in probate expressly appointed Steel as trustee. But the record reflects that the court treated Steel as being trustee as well as the executor. That this is true is shown by the fact that the court directed Steel to intervene in the attachment case and to make defense.

The will is very inartistically drawn, but we think it clear that the testatrix intended to create a trust. It is contended by Shirey that a spendthrift trust was created, but whether this is true or not, a trust was created, and the duties of the trustee were defined, and these duties are such that only a trustee or an executor made trustee could perform them.

Evidently Mrs. Shirey's estate was solvent and valuable, and evident also is the fact that she did not intend that the administration of her estate pursue the usual course. After directing that the executor pay her debts and funeral expenses, she directed that her executor "be not required to file any further statements or make any further reports to the Court." But, as we shall presently see, she imposed certain duties ordinarily performed by trustees and not by executors.

In this connection we take occasion to say that we do not agree that Dr. Shirey was the sole beneficiary under the will. There was a devise of a dollar to a granddaughter, and to another granddaughter there was a devise of all the household goods of the testatrix, and it was the duty of the trustee to execute those devises. But in paragraph five of the will, duties more important were imposed upon the trustee, the performance of which would not inure to Dr. Shirey's benefit alone. It was directed that the estate be kept intact as nearly as possible, and that the executor should hold the entire estate in trust, receiving only the income therefrom during his lifetime, to be used for necessary expenditure, all for the benefit of the named beneficiaries who would take title upon the expiration of the trust, and this was a continuing duty.

Mrs. Shirey directed that her estate be kept intact, which would hardly be done if the attachment was sustained, and the attached lots sold under the judgment which would follow. There were four of these lots, on which there were five brick buildings, and they might not all be sold to the same person, but even so, the purchaser would feel no obligation to make any repairs except such as were necessary to secure the enjoyment of a life estate, liable to be terminated at any time upon Shirey's death. It is conceivable that the purchaser or purchasers might not even elect to keep the property insured or the taxes paid, although the failure to pay taxes would, under § 13813, Pope's Digest, terminate the life estate, if it be held that Shirey had a life estate, and the trustee would be deprived of the funds which Mrs. Shirey directed should be devoted to those purposes. Certainly the payment of taxes, and the insurance of the property were necessary expenditures, and so also, the necessary repairs of the buildings if rent paying tenants are to be kept in possession and the will expressly directed that her trustee should have the income from the property for the payment of these necessary expenditures.

We think it evident that the testatrix intended that the remaindermen mentioned in the sixth paragraph of the will should succeed to an estate which had been kept intact, and had been preserved, and to that end Mrs. Shirey imposed upon her trustee the active duty of preserving her estate through the expenditure of revenues therefrom. The will expressly directs the trustee to use the income for necessary expenditures.

We conclude, therefore, that Dr. Shirey took no alienable interest or estate in the land which is subject to attachment or sale, and the judgment of the court dissolving the attachment will, therefore, be sustained.