While I concur with the remainder of the majority's opinion, I respectfully dissent with respect to Appellant's first and second assignments of error. As to the first assignment of error, I would affirm the holding of the trial court and find that due to lack of delivery, the decedent failed to create a valid inter vivos trust. Additionally, I would address the second assignment of error and hold that the trial court did not err in failing to find that the intent of the settlor overrides any ambiguity in delivery.
As stated by the majority, an appellant has to prove the existence of a trust by clear and convincing evidence. Gertz v. Doria (1989),63 Ohio App.3d 235, 237. The interpretation of trusts is a question of law for the court. See In re Estate of Davis (1996), 109 Ohio App.3d 181,183.
An express trust is also known as a voluntary trust. A voluntary trust is one that a settlor intentionally creates, either in writing or by parol, in which the terms used expressly designate the person, the property, and the object of the trust. Brown v. Holloway (July 15, 1981), Montgomery App. No. 6689, unreported, 1981 Ohio App. LEXIS 13615, at *17, citing 53 Ohio Jur.2d, Trusts, Section 2. A voluntary trust is an equitable gift; therefore, the general principles of law relating to gifts inter vivos apply. Cleveland Trust Co. v. White (1937),58 Ohio App. 339, 345; Whitehead v. Bishop (1925), 23 Ohio App. 315,318.
Delivery is essential to the consummation of a gift. White,58 Ohio App. at 345. Likewise, in voluntary trusts the property sought to be given away must be accompanied by delivery of the property. Id. In other words, the donor must deliver the property to the donee to the extent possible considering its nature, "with relinquishment of ownership, dominion and control over it." Bolles v. Toledo Trust Co. (1936),132 Ohio St. 21, 27. Before a trust can be established in law, it must be clearly proven that there was a delivery of the property sought to be placed in trust, either directly to the beneficiary or to the trustee to hold for the beneficiary. Whitehead, 23 Ohio App. at 318.
Apparently, it was the decedent's intention to create a trust and to give the stock certificates in question to Appellant. However, the evidence in this case does not show the requisite delivery of the certificates during the lifetime of the decedent to either a trustee or the beneficiary. Significantly, the decedent kept the certificates in a safe deposit box to which he had free access. Further, the certificates stood in the decedent's name without endorsement or assignment. Therefore, without delivery, Appellant failed to present clear and convincing evidence of the existence of the trust. Consequently, the trial court did not err in finding that the decedent failed to create a valid inter vivos trust due to the lack of effective delivery. Consequently, I would overrule Appellant's first assignment of error.
In light of my finding with regard to the first assignment of error, I would address Appellant's second assignment of error. In the second assignment of error, Appellant assumes arguendo that there was a lack of effective delivery, as addressed in the first assignment of error, and argues that the trial court erred in failing to find that the intent of the settlor overrides any ambiguity in delivery. Regardless of the decedent's intention to create a trust, before a court can establish a trust in law, it must be clearly proven that there was delivery of the property sought to be placed in the trust. Id., 23 Ohio App. at 317-318. In Worthington v. Redkey (1912), 86 Ohio St. 128, 135, the Ohio Supreme Court addressed the requirements for a gift by way of a trust, like the voluntary trust in the case at bar, and stated as follows:
 An intention to give, evidenced by a writing may be most satisfactorily established and yet the intended gift may fail because no delivery is proved. And where an intention to give absolutely is evidenced by a writing which fails because of its non-delivery, the court will not and cannot give effect to an intended absolute gift by construing it to be a declaration of trust and valid, therefore, without delivery.
(Emphasis added.)
In light of the foregoing, I would find that the trial court did not err in failing to find that the intent of the settlor overrides any ambiguity in delivery. Consequently, I would overrule Appellant's second assignment of error.
I concur with the balance of the majority's opinion.