Richard TROTT *v.* Ruth Ann JONES and Richard Boyd

CA 03-584                                                        157 S.W.3d 592

Court of Appeals of Arkansas
Division I
Opinion delivered April 7, 2004

*Ronald L. Davis, Jr., & Associates*, by: *Ronald L. Davis, Jr.*, for appellant.

*Haught & Wade, LLP*, by: *John Cogan Wade*, for appellee.

TERRY CRABTREE, Judge. Richard Trott brings this appeal from an order finding that a trust executed by Kathryn

Rhodehamel, deceased, did not include the real estate owned by Ms. Rhodehamel at the time of her death, nor the monies held in her account at Superior Federal Bank. For reversal, appellant argues that the trial court erred in ruling that the trust document was not effective to transfer ownership of these properties into the trust. We find no error and affirm.

The record shows that Ms. Rhodehamel executed a document entitled "General Testamentary Trust" on November 23, 1998. The first paragraph of this document provided:

> I give, devise and bequeath all the rest, residue, and remainder of my estate, both real and personal and wherever situated, after the payment therefrom of all estate, death and inheritance taxes due from my estate to the Trustee herein named, to be held in trust for the designated beneficiaries, for the uses and purposes and subject to the terms and conditions hereinafter set forth.

Appellant and Cheryl Lynn Trott were appointed as trustees of the trust. The document further provided:

> **Beneficiaries and Distribution Upon Termination.** During her lifetime, Kathryn Evelyn Rhodehamel, shall be the sole beneficiary of this trust and upon her death, the trust shall continue in favor of Richard Thayer Trott and Cheryl Lynn Trott, in equal parts. Provided that should either or both of them predecease Kathryn Evelyn Rhodehamel, the trust shall be distributed in equal parts to their children, provided that if any child of theirs shall have died prior to the time of distribution, leaving a child or children or other descendants, whether natural or adopted, surviving him, then such child or children or other descendants shall receive, per stirpes, the share of the trust which would have passed to their child if he or she had survived to the time of distribution.

Ms. Rhodehamel died intestate on December 21, 2000, at the age of eighty-four. On January 29, 2002, an order was entered appointing an administrator of her estate. The inventory of her estate identified her assets as being her home in Hot Springs and a bank account at Superior Federal Bank containing an estimated $90,000. On April 18, 2002, appellees, Ruth Ann Jones and Richard W. Boyd, filed an entry

of appearance and request for notice claiming that they were heirs of the deceased.[1]

On May 28, 2002, the administrator of the estate filed a "Petition for Determination of Testamentary Instrument." In this petition, the administrator alleged that the trust document mentioned above created a valid inter vivos trust. The administrator also moved to close the estate on the ground that the estate had no assets because "[e]very asset which Kathryn Rhodehamel once owned, and would otherwise constitute an asset of the Estate, was in fact designated, assigned, and transferred as corpus of the trust, having been delivered (Except for Legal Title only) upon the execution and acceptance of the Trust instrument." With approval of the court and the consent of appellees, the deceased's home was sold for $175,000. By order of the court, the proceeds of the sale were held in escrow pending the outcome of the administrator's petition to determine the validity of the trust.

A hearing was held on this petition which consisted only of argument of counsel. No evidence was offered or testimony taken as the parties were in apparent agreement that such was prohibited under the parol evidence rule.[2] The parties briefed the issues, and the court ruled by letter opinion dated November 20, 2002. The court found that, although the document failed as a will, it effectively created an inter vivos trust. The court ruled, however, that the "document, by itself, did not transfer either the real estate belonging to the Grantor or the Superior Federal Bank account into the trust. The record is insufficient to determine if any other property was transferred to the Trustees for administration in accordance with the terms of the Trust." The court then denied the petition to close the estate since there were assets to be administered. An order to that effect was entered on January 28, 2003. This appeal followed.

Trusts arise when property has been conferred upon one person and accepted by him for the benefit of another. *Carr v.*

---

[1] In addition to the appellees, there were others who claimed to be heirs of the deceased. By an order dated January 28, 2003, the court determined that appellees were her only heirs.

[2] At the hearing, appellant asserted that the trustees had exercised dominion and control of the deceased's property after the execution of the trust document. However, there was no evidence introduced in support of these facts. We do not consider matters outside the record on appeal. *Wal-Mart Stores, Inc. v. Tucker*, 353 Ark. 730, 120 S.W.3d 61 (June 19, 2003).

*Harington,* 107 Ark. 535, 155 S.W. 1166 (1913). In order to originate a trust, two things are essential: First, that the ownership conferred be connected with a right or interest or duty for the benefit of another; and, second, that the property be accepted on these conditions. *Id; see also Vaughan v. Shirey,* 212 Ark. 935, 208 S.W.2d 441 (1948). The cardinal rule in construing a trust instrument is that the intention of the settlor must be ascertained. *Aycock Pontiac, Inc. v. Aycock,* 335 Ark. 456, 983 S.W.2d 915 (1998). The burden of proving the existence of a trust rests on the person asserting it, and he must prove it by clear and satisfactory evidence. *Quattlebaum v. Hendrick,* 179 Ark. 494, 16 S.W.2d 591 (1929).

Appellant argues on appeal that a trust was established which contained the decedent's house and bank account even though there was no transfer of legal title of these properties to the trustees. Appellant contends that this is so because it was clearly the decedent's intent to create a trust. We find no merit to this argument.

Our supreme court has held that a settlor may act as trustee and that a trust will be created in that circumstance without a transfer of legal title to the property. *Sutter v. Sutter,* 345 Ark. 12, 43 S.W.3d 736 (2001) (citing *United Building and Loan Ass'n v. Garrett,* 64 F.Supp. 460 (W.D. Ark. 1946)). This position is consistent with the Restatement 3rd *Trusts* § 10(c) (2003), where the comment to this section provides that a trust is created.if the owner of property declares herself trustee of the property for the benefit of one or more others, or for the declarant and one or more others, even though there is no transfer of the title to the trust property. However, the same does not hold true when the settlor designates a third party to serve as trustee. In that situation, the Restatement provides that, if a property owner undertakes to make a donative inter vivos disposition in trust by transferring property to another as trustee, an express trust is not created if the property owner fails during life to complete the contemplated transfer of the property. Rest. 3rd *Trusts* § 16(1) (2003). The comment to this section provides that, when an owner of property intends to create an inter vivos trust other than by declaration, the owner must transfer the property to the intended trustee. The treatise *Scott on Trusts* takes the same view. There it is stated that, even though the owner of property manifests an intention to make a present transfer of it to another as trustee, the transfer may be ineffective for lack of the formalities necessary to vest the title in the transferee. William

F. Fratcher, *Scott on Trusts* § 32.2 (4th ed. 1987). Cited for that proposition was the decision in *Whitehead v. Bishop,* 155 N.E. 565 (Ohio App. 1925), where the court said:

> We think the rule is well settled that a voluntary trust is an equitable gift, and like a legal gift *inter vivos* must be complete. Since delivery is essential to the consummation of a gift, it follows that, whenever the donor undertakes to divest himself of the entire ownership, either by direct transfer to the donee or conveyance to the trustees to hold for the donee's benefit, the transaction will not be complete unless there is actual delivery of the thing given or of the instrument by which the donor signifies his intention of parting with the control of it. *If the donor selects a third person to act as trustee, the subject of the trust must be transferred to him in such mode as will be effectual to pass the legal title.*

*Accord Krickerberg v. Hoff,* 201 Ark. 63, 143 S.W.2d 560 (1940). The case of *Dickerson's Appeal,* 8 A. 64 (Pa. 1887), was also noted, where the court observed that a man:

> may constitute either himself or another person trustee. If he makes himself trustee no transfer of the subject matter of the trust is necessary; but, if he selects a third party, the subject of the trust must be transferred to him in such mode as will be effectual to pass the legal title.

Based on these authorities, we hold that a trust was not established in the decedent's home or bank account since there was no transfer of title. We thus reject appellant's contention that the decedent's bare intent sufficed to create a trust in these properties. As was said on this subject by the court in *Lewis v. Jackson & Squire,* 86 F. Supp. 354, 359 (W.D. Ark. 1949), "intention, without acts, is of no effect."

Affirmed.

STROUD, C.J., and BAKER, J., agree.