## TAYLOR *v*. TAYLOR.

### Opinion delivered April 17, 1922.

1. DIVORCE—DIVISION OF PROPERTY—RES JUDICATA.—In a proceeding by plaintiff against defendant, from whom she had obtained a divorce, to have one-third of his property set apart to her under Crawford & Moses' Dig., § 3511, *held* that the statute contemplated a division of the husband's property when the decree of divorce was granted, and that if the wife failed to ask for and obtain the relief when the decree was granted, the matter became *res judicata*.

2. JUDGMENT—RES JUDICATA.—Generally, in subsequent proceedings in the same court for settlement of property rights between parties, the matters which were or which might have been litigated in the first suit are *res judicatae*.

3. DIVORCE—DIVISION OF PROPERTY—RES JUDICATA.—A wife, having procured a decree of divorce, cannot, on suing for a division of the property, contend that the decree is valid for the purpose of retaining the decree of divorce and invalid as determining her property rights.

Appeal from Jefferson Chancery Court; *John M. Elliott,* Chancellor; affirmed.

*John W. Palmer,* for appellant.

Where a divorce is granted, the wife is entitled to the same interest or estate in the husband's real property as she would have acquired as dower in case of his death. 65 Ark. 518; 94 Ark. 485; 64 Ark. 518; 116 Ark. 427; 121 Ark. 64; Kirby's Digest, § 2884; 37 N. W. 67; 9 R. C. L. 571.

Where property rights are not adjudicated in the divorce action, the judgment is not *res judicata* as to such rights so as to bar subsequent action for their adjustment. 9 R. C. L. 461.

There was not final decree of divorce. The chancery court was without jurisdiction to dispose of the property at a subsequent term. 101 Ark. 522.

*Danaher & Danaher,* for appellee.

The decree was final. No appeal was taken in the time allowed. 24 Ark. 522.

Plaintiff waived her right to have dower set aside to her by not demanding that it be done in the original action. 143 Ark. 4; 59 Ark. 448. Divorce is a bar to dower. 59 Ark. 448; 116 Ark. 427.

HART, J. Willie Albert Taylor brought this suit in equity against Frank B. Taylor, from whom she had previously obtained a divorce, to have set apart to her on-third of his real and personal property, under § 3511 of Crawford & Moses' Digest.

The complaint alleges that the plaintiff obtained a decree of divorce from her husband on June 6, 1914, in the chancery court of Jefferson County, Ark., but that the decree was not entered of record during the term at which the divorce was granted. It is alleged that the court of its own motion at a subsequent term entered a decree *nunc pro tunc.*

A certified copy of the record in the divorce proceedings is made an exhibit to the present suit. Plaintiff asked for a divorce from her husband on the ground of

ill treatment. She alleges in her complaint that no property was accumulated during the marriage. She asked for an absolute divorce from her husband, and for such sum for her support as the court might deem proper.

No defense to the suit was made by the husband. The decree recites that, after hearing the evidence, the court was of the opinion that the prayer of the plaintiff's complaint should be granted. It was decreed that the bonds of matrimony existing between the plaintiff, Willie Albert Taylor, and the defendant, Frank B. Taylor, should be set aside and that both should be restored to all the rights and privileges of unmarried persons. There was no appeal from this decree.

In the present case there was a finding and decree in favor of the defendant, and the plaintiff has appealed.

The plaintiff obtained a divorce from the defendant on the ground of ill treatment, and her sole ground for a reversal of the present decree is that she is entitled by independent proceedings to secure the division of property given her under § 3511 of Crawford & Moses' Digest. It will be borne in mind that she is not seeking a restoration of her own property under the first part of the section, but is seeking one-third of the land whereof her husband was seized of an estate of inheritance during the marriage. The first part of the section providing for a restoration of the property which either party obtained from or through the other during the marriage seems to have been borrowed from Kentucky. In construing the Kentucky statute, the court said that it did not require that the decree of divorce should order the property to be restored; but that the statute seems to have contemplated that the latter order should be based upon the former and consequently that it might be made afterwards. In short, it was held that the section was designed to regulate the mode of enforcing the right of restoration of property acquired during the marriage. *Williams* v. *Gooch,* 3 Met. (Ky.) 486.

Again, in a case note to 11 L. R. A. (N. S.) 103, it is said that where the institution of community property

of husband and wife exists and there is a statute providing for its division in connection with divorce proceedings, the general rule is that where the community property is not referred to in the decree of divorce, the parties become, as to such property, tenants in common. Hence she may recover it in a separate proceeding. We do not think that either of that class of cases controls here.

In the first class of cases the statute provides a remedy for the restoration of property obtained by one spouse from the other during the marriage. It does not affect the title to the property, but simply restores it.

In the latter class of cases, when the divorce is granted it causes a dissolution of the marital rights in relation to the community property, and the wife is entitled to her share of such property and also to her own separate property, if any she had.

So it will be seen that in each class of cases there is a restoration or division of property between parties who have a vested interest in it. The statutory estate given to the wife when she obtains a divorce from her husband is in the nature of dower. The statute provides that, when the wife is granted a divorce against the husband, she shall be entitled to one-third of the husband's personal property absolutely and one-third of all the lands whereof her husband was seized of an estate of inheritance at any time during the marriage, for her life, unless, etc. The concluding part of the section provides that such decree shall be a bar to all claim of dower in and to any of the lands or personalty of the husband then owned or thereafter acquired on the part of his wife divorced by the decree of the court. This was but declaratory of the common law as it already existed in this State.

In *Barrett v. Failing,* 111 U. S. 523, it was said that, unless provided by local law, a decree of divorce by a court having jurisdiction of the cause and of the parties dissolving the bonds of matrimony put an end to all obligations of either party to the other, and that a valid

divorce from the bonds of matrimony for the fault of either party cuts off the wife's right of dower, and the husband's tenancy by the curtesy, unless expressly or impliedly preserved by the statute.

This case was cited in *Wood* v. *Wood*, 59 Ark. 441, where it was held that divorce from the bonds of matrimony bars the wife's right of dower. The question involved in this appeal was touched upon, but not decided in that case. There the former wife had filed a bill of review to set aside a decree of divorce from the bonds of matrimony obtained by her husband. She contended as a part of her relief that a third part of the estate of her divorced husband should be set apart to her, according to the terms of the statute under consideration in this case. With respect to her contention the court said: "But she did not assign the failure to do so as error in her bill of review, and seek to have it corrected. On the contrary, she sought to have the decree of divorce from the bonds of matrimony set aside, and thereby to surrender the right to one-third of her husband's estate, if she was entitled to it, and for a divorce from bed and board and for alimony against appellee. She therefore has no right to complain in this court that she did not recover that which she neither asked for nor desired. Appellant did not undertake to show, in her original or amended bill for divorce, that she was entitled to the benefits of the act of March 2, 1891. Her original bill was filed before it was passed, and it was not amended thereafter in that respect. For the purpose of showing that she was entitled to considerable alimony, she alleged in the original bill that the defendant was not worth less than $200,000, but did not say in what his estate consisted, or that it was within the jurisdiction of the court. No information is given to show that the court had jurisdiction, by reason of the quality and location of the property, to set apart to her one-third of it under the act. It might have been real estate situated in another State. Nothing appears in the record, outside of the evidence, to show that the court committed

an error of law in failing to divide the estate of the husband in accordance with the act.''

It seems, from the reasoning of the court in that case, that our statute allows one-third of the husband's estate to be assigned to the wife when she obtains a divorce, and not afterwards. She would have no interest in the nature of dower in her husband's estate after the divorce was granted, and if she could enforce the right by independent proceedings after the divorce was granted great confusion and uncertainty would result. After a divorce from the bonds of matrimony the husband might marry again, and, under § 3514 of Crawford & Moses' Digest, in the event of his death, his widow would be endowed of a one-third part of all the lands whereof he was seized of an estate by inheritance at any time during the marriage, unless the same had been relinquished in legal form.

So it will be seen that if the first wife is entitled to maintain a separate suit for one-third of her husband's property under § 3511, this would to an extent repeal § 3514 of Crawford & Moses' Digest with respect to dower. The title to the lands owned by the husband during the period of his marriage with his first wife would still be in him after he married again, and, in the event of his death before the statute of limitations barred his divorced wife from her recovery, the widow and the divorced wife would each under the respective statutes be entitled to dower in the same lands. This the lawmakers evidently did not intend. They manifestly intended to change the common-law rule that a divorce from the bonds of matrimony barred dower and to give the wife an estate in the nature of dower when a decree of divorce was granted in her favor. If she did not ask and obtain the relief when the decree of divorce was granted, to her the matter became *res judicata.*

This holding is in accordance with the general rule that in subsequent proceedings in the same court for the settlement of property rights between parties the matters which were or might have been litigated in the first

suit are *res judicatae. Livingston* v. *New England Mtg. Security Co.,* 77 Ark. 379, and *Taylor* v. *King,* 135 Ark. 43.

Again, it is contended by counsel for the plaintiff that she is entitled to the relief prayed for in this case because she was not present when the divorce decree was entered *nunc pro tunc* by the court on its own motion. There might be some ground for this contention if the plaintiff was seeking to set aside that decree. She does not seek to have that decree set aside, but on the contrary seeks to uphold it. It was for her benefit, and she can not consider it valid for one purpose and invalid for another. She must accept or reject it in its entirety.

As stated in *Wood* v. *Wood, supra,* she has no right to complain in this court that she did not obtain relief which she neither asked nor desired in the chancery court.

It follows that the decree must be affirmed.