BALL *v.* BALL.

4-3573

Opinion delivered November 12, 1934.

*Oscar E. Williams,* for appellant.

*Bernal Seamster,* for appellee.

SMITH, J. James P. Ball filed suit on October 5, 1933, in the Washington Chancery Court against Lina M. Ball, his wife, for divorce, and alleged her desertion of him as the ground therefor. A decree was rendered as prayed in March, 1934, from which is this appeal.

An answer was filed in which Mrs. Ball denied that she had deserted her husband. She alleged that, on the contrary, her husband had, without cause and against her wishes, deserted her, and that she had been at all times, and was now, willing and desirous to resume the marital relation. She pleaded also, in bar of the suit, the judgment of the circuit court of Jackson County, Missouri, at Kansas City, in which her husband had been denied a divorce. That court was alleged to be a court of competent jurisdiction, having jurisdiction of the subject-matter of the suit and of the parties thereto, and that the final judgment of the court, rendered on the merits of the case after a full hearing on June 23, 1933, denied Mr. Ball's prayer for a divorce. A copy of all the pleadings and proceedings in that case, duly authenticated, was offered and admitted in evidence at the trial from which this appeal comes. *Hall* v. *Roulston,* 70 Ark. 343, 68 S. W. 24.

In the complaint or petition for divorce filed in Missouri it was alleged that the parties were married December 4, 1916, in Norwalk, Connecticut, and lived together as husband and wife until June, 1924, since which time they have lived separate and apart, and that Mrs. Ball had offered such indignities to her husband as to render his condition as her husband intolerable and made it impossible for them to live together, the details of which allegations need not be stated. It was also alleged that the petitioner's business required him to establish his abode at various places throughout the country for long periods of time, and, although he requested his wife to accompany and remain with him, she refused to do so and insisted on remaining at the home of her mother in Norwalk, Connecticut, remaining away from him continuously since June, 1924, notwithstanding the fact that he had discharged all his duties as a husband and had treated his wife with kindness and affection.

In the suit filed in this State a decree was prayed on the sole ground of desertion, a fact which was sufficiently alleged in the complaint, and testimony was offered to support that allegation.

As opposed to the plea of *res judicata*, it is insisted that the second suit for divorce—the one filed in this State—is upon a different cause of action from the one alleged in the Missouri suit, and, as appellee insists, "the causes are contradictory," and, this being true, the former suit bars only the cause of action there relied upon and does not bar a cause of action then existing but not then and there adjudged.

It is insisted that desertion was not relied upon as a cause of divorce in the Missouri suit, for the reason that the complaint did not allege that the absence was without reasonable cause, whereas that allegation and proof thereof is essential, under the laws of Missouri, to obtain a divorce on the ground of desertion. *Freeland* v. *Freeland*, 19 Mo. 354; *Hoffman* v. *Hoffman*, 43 Mo. 547; § 1801, Revised Statutes of Missouri, 1919.

In answer to this insistence, it may be first said that we do not construe the complaint filed in Missouri as being deficient in this respect. By fair intendment the allegations thereof do charge an absence from the husband during a long number of years, and without reasonable cause, and desertion was therefore alleged, although the proof in that case was directed, not to that charge, but to the charge of indignities rendering the condition of the husband as such intolerable. However, there is no allegation or proof in the instant case of any change in the situation or relations of the parties to each other since the rendition of the decree in Missouri. If the husband is entitled to a divorce now on the ground of desertion, he was entitled to it for the same reason when the Missouri decree was rendered.

It is true we held in the case of *McKay* v. *McKay*, 172 Ark. 918, 290 S. W. 951, that, if one spouse leaves another without cause and absents himself or herself from the innocent spouse for a year or more, a complete cause of action for divorce arises, which the offending spouse may not destroy by an offer, even though made in good faith, to resume the marital relation. But no such question is presented here. The husband has those causes of action which existed then, and none other.

It is conceded, of course, that full faith and credit must be given by us to the decree of the Missouri court. It could not be otherwise in view of § 1 of article 4 of the Constitution of the United States, which requires that: "Full faith and credit shall be given in each State to the public acts, records, and judicial proceedings of every other State."

In the famous and leading case of *Haddock* v. *Haddock*, 201 U. S. 562, which involved the validity in one State of a decree for divorce rendered in another, it was held (to quote a headnote) that: "The requirement is not that some, but that full, faith and credit, equal to that to which it is entitled in the State where rendered, shall be given to a judicial decree of another State." See also *Harding* v. *Harding*, 198 U. S. 317.

In the case of *Viertel* v. *Viertel*, 99 Mo. App. 710, a headnote reads as follows: "The husband brought divorce on the ground of adultery with D. His bill was dismissed on the ground of connivance. *Held*, such connivance would not be a complete bar to a subsequent bill for adultery with C committed after the dismissal, or for adultery with P committed prior to the former suit of which the husband had no knowledge at that time, but such judgment of dismissal bars an action for adultery with P, since it might have been raised and litigated in the former action." In the body of the opinion it was there said: "The court found that plaintiff at the time he brought his first suit was unaware of the former infidelity. We have examined the testimony, and it does not appear that any evidence was offered to show such fact. The plaintiff himself failed to state whether or not he was in possession at said time of any knowledge of such prior adultery. It devolved on him to prove that, at the time he brought his said former suit for divorce, he included his whole case, and he will not be permitted to open up the same subject of litigation in respect to matters which might so have been brought forward. 'All the issues that might have been raised and litigated in any case are as completely barred by the final decree therein as if they had been directly adjudicated and included in the verdict.' *Donnell* v. *Wright*, 147 Mo. 639,

49 S. W. 874. Under the rule the plaintiff was not entitled to a decree against his wife for the alleged act of adultery with said Parker, as it was a matter for litigation in said former suit.''

It would appear to follow from this holding that the courts of Missouri would not now grant Mr. Ball a divorce for desertion, inasmuch as that cause of action existed and was known to him, if true at all, at the time of the trial in Missouri, and nothing has since occurred to confer a cause of action which did not then exist. See also *Searcy* v. *Searcy*, 196 Mo. App. 311, 193 S. W. 871.

We have many cases holding the judgments of courts of competent jurisdiction of other States to be conclusive as to the merits of the original cause of action. Among others are these: *Glass* v. *Blackwell*, 48 Ark. 50, 2 S. W. 257; *Jordan* v. *Muse*, 88 Ark. 587, 115 S. W. 162; *Taylor* v. *Bacon*, 102 Ark. 97, 142 S. W. 1128; *Albright* v. *Mickey*, 99 Ark. 147, 137 S. W. 568; *Ederheimer* v. *Carson Dry Goods Co.*, 105 Ark. 488, 152 S. W. 142; *Rice* v. *Metropolitan Life Ins. Co.*, 152 Ark. 498, 238 S. W. 772; *Hartford Fire Ins. Co.* v. *Citizens' Bank,* 166 Ark. 551, 266 S. W. 675; *Miller* v. *Brown*, 170 Ark. 949, 281 S. W. 904.

The question here presented is not a novel one. The case of *Averbuch* v. *Averbuch*, 80 Wash. 257, 141 Pac. 701, is reported in Ann. Cas. 1916B, and, with the annotations, extends from page 873 to page 920 of that report, and reference is made to it for the use of any one desiring an exhaustive review of the subject. In the body of that opinion a number of cases are cited in support of the statement there made, that: ''It is elementary law that, in divorce actions, as in all others, a judgment is final and conclusive upon all questions which were or might have been litigated,'' and the annotations cite many other cases to the same effect.

We have many cases in our reports announcing the same principle. A late case citing a number of others is that of *West Twelfth Street Road Imp. Dist.* v. *Kinstley, ante* p. 120, 70 S. W. (2d) 555, in which it was said: ''The settled rule of this jurisdiction supported by the weight of authority is that a judgment of a court of competent jurisdiction is conclusive of all questions, legal or

equitable, which were raised in the cause or which, being within the scope of the issue, could have been interposed." (Citing cases.)

Our cases of *McKay* v. *McKay,* 172 Ark. 918, 290 S. W. 951, and *Butts* v. *Butts,* 152 Ark. 399, 238 S. W. 600, are cited as sustaining the contention that a denial of a divorce upon one ground is not a bar to a suit for divorce upon a different ground, although the latter cause existed and was known when the first suit was determined. But such is not their effect. In the McKay case, *supra,* it was said: "We think the present suit of appellant is not barred by the decree in the first suit, for the reason that she alleges a different cause for divorce, one which could not have existed when she filed her first suit—that of desertion—as the parties had not been separated a year when the first suit was commenced. 1 Nelson on Divorce and Separation, § 555. In other words, a denial of a decree upon a particular ground is no bar to a suit for divorce upon a cause of action which subsequently arose. But, as has already been said, no new cause of action, not existing at the time of the rendition of the decree in Missouri, was alleged or proved.

In the Butts case an appeal from a decree of divorce was dismissed for the reason that the appellant had remarried after the divorce had been granted, and it was held, for that reason, that the appellant had forfeited her right to appeal to this court to correct the alleged error of granting the divorce. Attention, however, was there called to the fact that the Louisiana court which had granted a divorce *a mensa et thoro,* pleaded in bar of the suit for divorce in this State, was without jurisdiction to render a decree for an absolute divorce, for the reason that, under the practice in Louisiana, an absolute divorce cannot be rendered on constructive service of process, as had been there prayed. But, as has been said, there is no question about the jurisdiction of the Missouri court to have granted an absolute divorce for either the indignities or the desertion.

Inasmuch as the decree of the Missouri court bars the present suit, it becomes unnecessary to review the case on its merits. We may say, however, that, in our

opinion, the testimony does not establish the fact of desertion on the part of Mrs. Ball. On the contrary, in our opinion, he is the offending spouse in this respect.

Having held that Mr. Ball is not entitled to a divorce, and that the decree granting the divorce should be reversed, we are now asked to make an order allowing Mrs. Ball an attorney's fee and the costs of the suit, and also a provision for her support and maintenance. We heretofore allowed a hundred dollars as expense money, reserving the questions of attorney's fee and costs until the final disposition of the cause. It is now shown that, since the trial of the case in the court below, Mr. Ball's income has been very greatly increased through the death of his father; but the facts in relation thereto were not developed at the trial, and we are therefore of the opinion that this feature of the case should be heard and fully developed in the court below, where appropriate orders may be made for Mrs. Ball's support.

The litigation appears to have been protracted and expensive, and it is now ordered that all the costs thereof, including the costs on the appeal, be assessed against Mr. Ball, and he is further ordered to pay her attorney the sum of $250 as his fee in this case to this date.

The decree of the court below will therefore be reversed, and the cause remanded with directions to set aside the decree from which this appeal came, and for further proceedings in accordance with this opinion.