BELL *v.* BELL.

4-6122                                                 145 S. W. 2d 342

Opinion delivered December 9, 1940.

*Festus Gillam,* for appellant.

*Geo. W. Johnson,* for appellee.

HUMPHREYS, J. Appellant and appellee were married on the 13th day of October, 1907, and resided on the north ½ of lot 10 in block 6 of the original donation to the town of Greenwood, Arkansas, during the time they lived together as husband and wife. Appellee brought a suit for a divorce against appellant in the Greenwood district of Sebastian county and obtained a decree from her, but she was allowed $25 per month alimony. The decree was set aside for some reason and they entered into a written agreement in which she settled her claim for alimony for $75 cash paid by him to her. In this agreement, it was stipulated that they would live separate and apart and that neither would interfere or meddle with the business of the other. It also stipulated that appellant should have the custody and control of the two small children and further stipulated that appellant would not cause appellee any trouble over the homestead during his natural life. This agreement was signed on the 10th day of May, 1926. After the written agreement had been entered into, appellant and appellee joined in a deed to their son, Floyd Bell, on the 17th day of January, 1927, conveying him the land in question which appellee was still occupying, which deed was duly recorded and presumably placed on record by appellee.

Appellant moved back to Booneville where she had formerly lived and brought a suit in Logan county on the 11th day of September, 1930, for a divorce from appellee on the ground of desertion. In her complaint no mention was made of alimony or any interest in the homestead. Appellee was residing upon the homestead at the time and has continued to reside thereon since that time and pay the taxes on the property. Appellant was granted a divorce on the ground of desertion on the 13th day of October, 1930.

Thus the matter rested until August 3, 1939, at which time appellee brought a suit in the Greenwood district of Sebastian county against his son, Floyd Bell, to cancel the deed appellant and appellee had made to him and

placed of record, alleging that there was no consideration for the deed and that it was placed of record through mistake; that his son, Floyd Allen Bell, had never been in possession of the property, but that appellee had been in possession thereof and paid the taxes thereon for many years.

Appellant obtained permission to file an intervention in the suit and did so alleging that the property was deeded to her son in good faith as far as she was concerned and that she joined in the deed on appellee's promise that he would never try to take the property from their son, Floyd Allen Bell. She further alleged that the reason she had asked for no alimony and no part of the land involved in her suit for divorce in Logan county was on account of his promise never to take the property from their son or attempt to do so. She further alleged that since he had brought the suit to cancel the deed to their son and alleged that it was without consideration and that it was recorded through mistake that his conduct and acts showed that he had perpetrated a fraud on her in order to denude himself of his property so that she would not ask for alimony or division of the property in the Logan chancery court where she obtained a divorce in 1930. The prayer of her intervention was for the value of one-third of the lands owned by appellee at the time that intervenor obtained a divorce from him in the Logan chancery court. Their son, Floyd Allen Bell, who was made defendant in a suit to cancel the deed, was duly served, but filed no answer and wholly made default. Appellee filed an answer to the intervention filed by appellant denying that any fraud was practiced by him on appellant to prevent her from asking for alimony in the suit she had brought in Logan county and stating that the property rights of appellant and appellee were settled by an agreement made and entered into by and between them on the 10th day of May, 1926, and that he paid appellant $75 in cash and further agreement on her part that she would not molest appellee's right to the homestead during his lifetime and that the reason appellant asked for no alimony or property in that suit was that they both recognized at that time the validity of the

separation agreement entered into between them and pleaded the judgment of divorce in her favor in the Logan chancery court in bar of her right to intervene in the suit he had brought in the Greenwood district of Sebastian county to cancel the deed they had made to their son.

The cause was submitted to the court upon the intervention and the answer thereto and the evidence introduced in the cause which resulted in a dismissal of the intervention for want of equity, from which is this appeal.

There is no evidence that any fraud was intended by either party in the separation agreement or at the time the deed was made by appellant and appellee to their son or that appellee perpetrated any fraud on appellant to prevent her from claiming an interest in his property when she brought her suit for divorce in the Logan county chancery court. No inducement was held out by him to keep her from asking in the divorce suit in Logan county for alimony or a division of the property. They lived separate and apart from 1927 until 1930 when she obtained a divorce in the Southern district of Logan county. The suggestion is made that at the time they joined in the deed to their son appellee had in mind that he would denude himself of his property in fraud of his wife's rights in case she should subsequently obtain a divorce, but this is merely surmise.

This court said in the case of *Taylor* v. *Taylor,* 153 Ark. 206, 240 S. W. 6, that: ''Our statute allows one-third of the husband's estate to be assigned to the wife when she obtains a divorce, and not afterwards. She would have no interest in the nature of dower in her husband's estate after the divorce is granted, and, if she could enforce the right by independent proceedings after the divorce is granted, great confusion and uncertainty would result. . . . If she did not ask and obtain the relief when the decree of divorce was granted to her, the matter became *res judicata.*''

There is nothing in their deed to their son nor in the contract of separation indicating that any fraud was intended by either of them. It has been more than nine

years since she obtained a divorce in the Southern district of Logan county. If she has any right on the ground of fraud practiced upon her at the time she obtained her divorce in the Southern district of Logan county her remedy would be to go into that court and have the decree modified or corrected on the ground of the alleged fraud and not by way of intervention in the Sebastian chancery court, Greenwood district, in an independent suit appellee has brought against their son to cancel the deed. The son was made a party in the independent suit brought by appellee and service was had upon him and no guardian was appointed to represent him, the clear inference being that he has long since attained the age of twenty-one years.

The court was without power to grant the petition of intervention under the facts and circumstances of this case and the decree dismissing the intervention for want of equity is correct.

The judgment is, therefore, affirmed.