## MILLER *v.* MILLER.

4-7742                                                   190 S. W. 2d 991

Opinion delivered December 17, 1945.

*Botts & Botts,* for appellant.

McFADDIN, J. This appeal presents questions arising subsequent to a final divorce decree.

On September 25, 1944, the Chancery Court of the Southern District of Arkansas county rendered a decree of divorce in favor of Mrs. Dessie Miller (original plaintiff and appellant here) against Byron P. Miller (original defendant and appellee here). In addition to awarding a final divorce to Mrs. Dessie Miller, the said decree also found that Byron P. Miller had personal property of the value of $4,000 which he had converted into cash and bonds and other securities, and that Mrs. Dessie Miller was entitled to 1/3 of this property; and the decree stated:

"It is further ordered and directed by the Court that the defendant pay unto the plaintiff the sum of $1,333.33 and that the defendant pay all cost of this proceeding, . . ."

On March 26, 1945, (at a subsequent term of the court) Byron P. Miller filed his unverified motion in the same cause, and, inter alia, said:

"The defendant further states that the plaintiff knew of his financial situation, and that he was only possessed of a few hundred dollars, and therefore knew that the testimony and proofs submitted to the Court upon the subject of property division in this cause of divorce was wholly untrue, and knew that the court was being falsely informed as to the value of any and all property possessed by the defendant. . . . Wherefore, defendant prays that the decree be modified, and that so much thereof as declares financial responsibility upon the defendant in favor of the plaintiff, be set aside and vacated."

On the same day that the motion was filed, the court made the order here appealed from and which we copy in full:

"Now on this 26th day of March, 1945, is presented to the court the motion of the defendant, Byron P. Miller, to modify the judgment heretofore rendered in this cause on the 25th day of September, 1944, as to alimony; defendant appearing by his attorney of record, Mr. A. G.

Meehan, and the plaintiff appearing not in person nor by attorney; no evidence being submitted to the court on the hearing of the motion.

"Said motion being filed on the 26th day of March, 1945, and without any notice to the plaintiff herein said motion is considered by the court on said day and the court being well and sufficiently advised as to all matters of law and fact set forth in said motion doth find that said motion should be granted.

"It is therefore ordered, by the court, that the decree heretofore rendered in this cause on the 25th day of September, 1944, be and the same is hereby modified as to the provisions set forth therein concerning alimony and that portion of said decree is by the court set aside on this the 26th day of March, 1945, same being the first day of the regular March, 1945, term of this court and said original decree having been rendered September 25, 1944, the first day of the regular 1944 term of this court."

Mrs. Dessie Miller, by timely appeal to this court, seeks to have the said order of March 26, 1945, reversed, vacated, and held for naught, because (1) rendered without notice, and (2) rendered without proof. That these two points are true, the order so recites.

I. *The Order of March 26, 1945.* If we treat this order as one vacating or modifying a portion of the decree of September 25, 1944, then it is a proceeding under either the fourth or the seventh subdivision of § 8246 of Pope's Digest; and § 8248 of Pope's Digest would apply to either subdivision. This section reads:

"The proceedings to vacate or modify the judgment or order on the grounds mentioned in the fourth, fifth, sixth, seventh and eighth subdivisions of § 8246 shall be by complaint, verified by affidavit, setting forth the judgment or order, the grounds to vacate or modify it, and the defense to the action, if the party applying was defendant. On the complaint, a summons shall issue and be served, and other proceedings had as in an action by proceedings at law."

Since the motion filed on March 26, 1945, was not verified, and since no notice was issued and no proof taken, it follows that the order of March 26, 1945, granting the motion was contrary to the statute. Even if we treat this order as one modifying alimony, still it was rendered without notice; and we held in *Schley* v. *Dodge,* 206 Ark. 1151, 171 S. W. 2d 851 that notice must be given before hearing on a motion to modify alimony. The question of alimony will be considered later. We merely cite the Schley case to show that at all events the order of March 26, 1945, was void because it was made without notice.

In *Taylor* v. *Bay St. Francis Drainage District,* 171 Ark. 285, 284 S. W. 770, we held that an appeal would lie from a void judgment. Mr. Justice HART, speaking for this court, said:

". . . It is now well settled that a void judgment or order is appealable. In *Alexander* v. *Crollott,* 199 U. S. 580, 26 S. Ct. 161, 50 L. Ed. 317, it was said that the fact that the judgment may have been void will not prevent its reversal upon appeal. In a case-note to 33 L. R. A., N. S. 733, it is said that the prevailing opinion, as attested by the collated cases, is clearly to the effect that the appellate court will so far take cognizance of the void entry as to reverse it and restore the parties to the position they originally occupied.

"To the same effect see note to 20 Ann. Cas., p. 277, Hayne on New Trial and Appeal, vol. 2, pp. 950, 979, and 1069, and Elliott on Appellate Procedures, § 110."

So, here, whatever might have been the purpose and intent of the chancery court in making the order, and whatever might be its intended effect, still, it is void for the reasons claimed by appellant. Whether we consider this as an appeal, a *certiorari,* or some other form of supervisory procedure, the result is the same, to-wit: the chancery court is directed to cancel, set aside and hold for naught its order of March 26, 1945, herein appealed from.

II. *Motion for Attorney's Fee and Alimony.* Mrs. Dessie Miller has filed in this court a motion for $200 additional attorney's fee, and for alimony at the rate of $50 per month. This motion must be—and is—denied. Omitting from the consideration the question of the propriety of filing the motion in this court in the first instance, we hold that the motion for alimony cannot be granted. In the original decree of divorce granted to Mrs. Dessie Miller on September 25, 1944, there was no provision or direction for the monthly payment of alimony. There was the provision that she receive $1,333.33 as a property division, but this is separate and distinct from alimony, as was pointed out by Mr. Justice Woop in the case of *Williams* v. *Williams,* 150 Ark. 319, 234 S. W. 169. In the case of *Nelson* v. *Nelson,* 146 Ark. 362, 225 S. W. 619, this court said:

"It follows also that the allowance of attorney's fees must be reversed. At § 49 of the article on Alimony in 1 R. C. L., at page 902, the law is announced as follows: 'As a general rule, an action for alimony cannot be brought after the rendition of a judgment for divorce, even though the decree is silent on the matter; for, as the question of alimony might, and should, have been litigated therein, such decree operates as *res judicata* as to the question of alimony.' See, also, 7 R. C. L., page 792.

"The original decree undertakes to settle, and did adjudicate, the marital rights of the parties. The divorce granted was an absolute one, and terminates the husband's liability for his wife's obligations. He would thereafter be no more liable for her lawyer's fees than he would be for any other contractual obligation which she had incurred."

In *American and English Annotated Cases,* vol. 40 (Ann. Cas. 1916B), page 875, there is an extensive note or annotation on "Doctrine of *Res Judicata* as Applicable to Divorce Proceedings"; and on page 898 of that annotation, the rule is stated:

"All questions concerning alimony which are or ought to be determined in a divorce proceeding are *res*

*judicata* in a subsequent proceeding in the same jurisdiction.''

See, also, 17 Am. Juris. 442, 482, 484. There was no language in the divorce decree of September 25, 1944, reserving the question of alimony for subsequent disposition. When Mrs. Dessie Miller failed, either to have monthly payments of alimony provided in the decree of divorce, or to have the question of alimony reserved for further consideration, she allowed the decree to become *res judicata* on the question of alimony; and it is too late for her to seek alimony at this time in a motion filed in this court, and claiming no unavoidable casualty. Likewise, the quotation from the case of *Nelson* v. *Nelson, supra,* precludes Mrs. Miller from recovering additional attorney's fees on this present appeal.

It follows that the order of the Chancery Court of March 26, 1945, is reversed, set aside, and held for naught, and that the appellant recover all her costs herein; and that her petition for monthly payments of alimony and for additional attorney's fees be, and the same is, hereby denied.