## Ellis *v.* Ellis.

4-9669                                                    249 S. W. 2d 302

Opinion delivered June 2, 1952.

*O. W. Pete Wiggins,* for appellant.

*Talley & Owen* and *Max Howell,* for appellee.

Holt, J. Appellant, Alma Sue Ellis, was awarded a decree of divorce from appellee, James H. Ellis, May 3, 1951, and the custody of their three minor children. She paid her own costs, attorney's fees and did not ask for maintenance or alimony.

Appellee, who was at the time a patient in the State Sanatorium at Booneville, entered his appearance signing a waiver.

On the same day the decree was granted, appellant executed a quitclaim deed to appellee to a house and lot in Little Rock which they owned as tenants by the en-

tirety. An agreement was also entered into which provided that appellee "does hereby lease unto the Party of the Second Part (appellant) for a period of one (1) month from this date the hereinafter described property: (the house and lot in question) for and in consideration of the sum of One Dollar ($1.00) a month, and the Party of the Second Part does hereby agree to pay to the Party of the First Part the sum of $1.00 per month and to surrender possession upon demand in writing by the Party of First Part upon receipt of thirty (30) days' notice; said demand for possession, however, not to be effective until the 1st day of July, 1951. It is contemplated by the Parties that this lease shall be renewed from month to month without further writing until the aforesaid demand has been made."

Appellant occupied the property under this agreement and on June 20, 1951, she married F. K. Noel, who moved into the property with her. Appellee was temporarily released from the Sanatorium June 29, 1951, and gave appellant thirty days' notice to vacate the property in accordance with the terms of the said agreement.

Appellant secured a temporary injunction against eviction and filed petition alleging in part "that prior to the filing of her complaint herein plaintiff and defendant agreed that she should occupy the home located at 4205 West 23rd Street, Little Rock, * * *; that said house was occupied by parties hereto and subsequent to their separation has been occupied by plaintiff and the children; * * * that under the agreement plaintiff had with defendant, her occupancy was to continue until he was able to return to work and contribute to the support of the minor children, and under that agreement plaintiff agreed to accept the income from a portion of said house which has been rented to desirable tenants, by occupying the rest of the house she agreed to relieve defendant from making any contributions to the support of said minor children, even though he has an income by way of pension in the sum of $108 per month; that prior to the agreement that said property was owned by them jointly as an estate by the entirety.

"That on the 3rd day of May, 1951, while this cause was pending in court the defendant induced her to sign a warranty deed conveying her interest to him, agreeing that he would repay her all sums that she had paid on said house in the nature of repairs to the roof in the sum of $160, and the sum of $1,000 which he had borrowed from her out of the proceeds of the sale of some lands which she owned."

She prayed for injunctive relief and "that the deed under which she conveyed her interest to the defendant be vacated and set aside, revesting the title to the property in her and the defendant as an estate by the entirety; and that on final hearing she be given judgment against the defendant in the sum that he agreed to pay her provided she would execute said deed to him; that as said funds were used on improving the property, judgment against him in the sum of $1,160 be declared a lien thereon."

Appellee answered, admitting the granting of the divorce and his confinement in the Sanatorium, but denied all other allegations. He affirmatively alleged that appellant refused to live with him because he had tuberculosis and that while he was confined in the Sanatorium, she "took up with one, F. K. Noel, and asked defendant (appellee) to bring an action for divorce against her in order that she might gain her freedom"; that she deeded the property to him and thereafter he conveyed it to their minor children retaining a life estate for himself. He further alleged that he was the owner of the property and entitled to immediate possession under the lease agreement.

August 8, 1951, the trial court denied in part appellant's petition as being without equity, dissolved the temporary injunction and ordered appellant to vacate the property not later than August 15, 1951. It was further ordered that appellee pay $30 per month for the support of the minor children (the eldest child is now married). This appeal followed. The decree was correct.

The record reflects, as indicated, that appellant in her complaint for a decree of divorce,—which was awarded her May 3, 1951,—made no allegation or claim that appellee was indebted to her in any amount whatever. She did not ask for alimony, maintenance or attorney's fee, being content to ask only for a divorce and the care of the children. Since she failed to ask for, and obtain the relief,—which she now claims,—when the divorce was granted and when such matter might have been litigated, we hold that it is now *res judicata.*

We said in *Taylor* v. *Taylor,* 153 Ark. 206, 240 S. W. 6: "If she did not ask and obtain the relief when the decree of divorce was granted, to her the matter became *res judicata.* This holding is in accordance with the general rule that in subsequent proceedings in the same court for the settlement of property rights between parties the matters which were or might have been litigated in the first suit are *res judicata.*"

We fail to find in this record a sufficient showing of fraud or misrepresentation on the part of appellee in procuring the deed in question from appellant or any failure of consideration. Fraud is never presumed. The deed appears to have been prepared by appellant's own attorney and there is no evidence that she did not understand its contents or provisions.

The rule is well settled that before we would be warranted in setting aside, or altering this deed, the burden was upon appellant to show by a preponderance of the evidence that is clear and convincing that fraud had been practiced upon her in procuring its execution.

We said in *Biddle* v. *Biddle,* 206 Ark. 623, 177 S. W. 2d 32: "There is no rule more firmly established than the one that fraud will not be presumed, and the burden is on the party alleging it to prove it by preponderance of the evidence which is clear and convincing."

We reaffirmed this rule in the more recent cases of *Burnett* v. *Morris,* 207 Ark. 761, 182 S. W. 2d 765; *Eaton*

·v. *Humphreys,* 209 Ark. 525, 190 S. W. 2d 973; *McHenry* v. *McHenry,* 209 Ark. 977, 193 S. W. 2d 321.

No error appearing, the decree is affirmed.