377 So.2d 438 (1979)
Karen Townsend BROWN, Plaintiff-Appellant,
v.
Donald R. BROWN, Defendant-Appellee.
No. 13967.
Court of Appeal of Louisiana, Second Circuit.
October 30, 1979.
Rehearing Denied December 12, 1979.
Writ Granted January 28, 1980.
Love, Rigby, Dehan, Love & McDaniel, Shreveport, for plaintiff-appellant.
Allen Howard Coon, Monroe, for defendant-appellee.
Before PRICE, HALL and JONES, JJ.
En Banc Rehearing Denied December 12, 1979.
JONES, Judge.
The plaintiff (former wife) appeals a judgment sustaining her former husband's peremptory exception of res judicata to her claim for permanent alimony. The exception was based upon an Arkansas divorce judgment which awarded no alimony in appellant's divorce action where none was sought. We affirm.
The issues are (1) was the judgment res judicata on the issue of alimony in Arkansas where it was rendered? and (2) if so, is Louisiana required to give it Full Faith and Credit under the U. S. Constitution?
Plaintiff-wife obtained a judgment of divorce from defendant in the Chancery Court of Union County, Arkansas in 1977. Both parties appeared, and defendant was adjudicated as being at fault. Plaintiff received custody of the four minor children. The issue of alimony was not raised in the Arkansas court. Plaintiff now seeks to have the divorce decree recognized in Louisiana and to obtain child support and alimony in the amount of $3,000 per month.
The trial court held that plaintiff is barred in Arkansas from now seeking alimony *439 because of the Arkansas concept of res judicata and the Full Faith and Credit Clause required Louisiana to recognize the Arkansas concept of res judicata.
THE DIVORCE JUDGMENT IS RES JUDICATA IN THE STATE OF ARKANSAS AS TO THE ISSUE OF ALIMONY
When plaintiff failed to make a demand for alimony in the Arkansas court, she was thereafter precluded from asserting a claim for alimony in Arkansas. The divorce decree had become res judicata as to the question of alimony once it was rendered without mention of the issue of alimony. This is the holding of Miller v. Miller, 209 Ark. 505, 190 S.W.2d 991, upon which the trial court based its decision. In this case the Arkansas Supreme Court stated:
"When Mrs. Dessie Miller failed, either to have monthly payments of alimony provided in the decree of divorce, or to have the question of alimony reserved for further consideration, she allowed the decree to become res judicata on the question of alimony; ..." Id. at 993
This case does not "stand alone" for this proposition of law (as plaintiff asserts), and it has never been overruled or modified.
Other cases applying the Miller rule of res judicata to divorce judgments are Ellis v. Ellis, 220 Ark. 639, 249 S.W.2d 302; Taylor v. Taylor, 153 Ark. 206, 240 S.W. 6; and Ball v. Ball, 189 Ark. 975, 76 S.W.2d 71.
Ellis, supra, involves a similar situation in which the wife sued only for a divorce and the custody of the children. She later claimed her ex-husband owed her money. The language of the Arkansas Supreme Court is pertinent:
"She did not ask for alimony, maintenance or attorney's fee, being content to ask only for a divorce and the care of the children. Since she failed to ask for, and obtain the reliefwhich she now claims when the divorce was granted and when such matter might have been litigated, we hold that it is now res judicata." Id. 249 S.W.2d at 303
The wife in Taylor, supra, obtained a divorce and later sued for a portion of her husband's property under an Arkansas statute giving her one-third of his estate. The Arkansas Supreme Court held:
"... the lawmakers ... intended... to give the wife an estate in the nature of dower when a divorce was granted in her favor. If she did not ask and obtain the relief when the decree of divorce was granted, to her the matter became res adjudicata." Id. 240 S.W. at 8.
In Ball, supra, the husband sued the wife for a divorce on the grounds of cruel treatment. She answered, contending a judgment of a Missouri court in which the husband was denied a divorce on the ground of desertion precluded the husband from seeking the divorce in Arkansas. The Arkansas Supreme Court held that since the facts of cruelty existed at the time of the suit in Missouri the issue could have been litigated then. The cruelty could not later be considered by the Arkansas court because the issue was res judicata in Missouri. The Arkansas court pointed out that Missouri law was the same as Arkansas law in that all issues that might have been raised and litigated were completely barred by the final decree as if they had been directly adjudicated and included in the Missouri judgment. The husband was not entitled to a divorce on the grounds of cruelty which existed at the time he sought the Missouri divorce on the grounds of desertion.
Had plaintiff sued for alimony in Arkansas after obtaining the Arkansas divorce, she would have been barred by res judicata from asserting the alimony claim.
The Arkansas rule on the res judicata effect of a divorce decree upon the alimony issue is not as isolated or unusual as plaintiff claims. In Leflar, Conflicts of Laws (1977, 3rd ed.) at page 465 we find the following statement:
"If there was personal jurisdiction over the husband in a wife's divorce action, or personal jurisdiction over the wife in the husband's divorce action, so that the support *440 issue could then be tried, the matter is res judicata and cannot thereafter be raised again, whether or not alimony was asked for at the time."
Citing Kresteff v. Kresteff, 79 Ill.App.2d 170, 223 N.E.2d 720 (1967); Jackson v. Jackson, 200 A.2d 380 (D.C.App.1964); Osborne v. Osborne, 215 Va. 205, 207 S.E.2d 875 (1974); Bates v. Bodie, 245 U.S. 520, 38 S.Ct. 182, 62 L.Ed. 444 (1918); Lynn v. Lynn, 302 N.Y. 193, 97 N.E.2d 748 (1951); Wood v. Wood, 174 Ohio St. 318, 189 N.E.2d 54 (1963).
We have reviewed the cases cited by Leflar and find they fully support the quoted statement.
Our review of the cases cited by appellant to support her contention that the issue of alimony is not res judicata reveals that the cases are factually distinguishable and are inapplicable to the issue here presented.
THE FULL FAITH AND CREDIT CLAUSE REQUIRES EACH STATE TO GIVE EFFECT TO THE RES JUDICATA EFFECT OF THE JUDGMENTS OF OTHER STATES
The Full Faith and Credit Clause, Article IV, § 1 of the Constitution of the United States provides in part:
"Full Faith and Credit shall be given in each State to the public Acts, Records, and Judicial Proceedings of every other State."
Full Faith and Credit mandates that the court of each state give to the judgments of other states the same conclusive effect between the parties as is given such judgments in the states in which they were rendered. Magnolia Petroleum Co. v. Hunt, 320 U.S. 430, 64 S.Ct. 208, 88 L.Ed. 149 (1943); Semler v. Psychiatric Institute of Washington, D.C., 188 U.S.App.D.C. 41, 575 F.2d 922 (D.C.Cir.1978). The Louisiana court must give the Arkansas divorce decree the same res judicata effect between the plaintiff-wife and defendant-husband as would be given in an Arkansas court. As correctly stated in Semler, supra:
"A judgment for the plaintiff in a court of a sister state merges the original cause of action and precludes a new suit thereon to the same extent as this judgment would preclude another suit in the same state. Thus under the Full Faith and Credit Clause, the preclusive effect of a judgment must be determined by the law of the state where it was rendered." (emphasis theirs) Id. 188 U.S.App.D.C. at 46, 575 F.2d at 927.
See also Holm v. Shilensky, 388 F.2d 54 (2d Cir. 1968) and the Fifth Circuit Gov. Personnel Mut. Life Ins. v. Kaye, 584 F.2d 738 (1978) and Restatement Second, Conflicts of Laws, § 95 (1971).
To determine the preclusive effect of the Arkansas divorce decree upon the issue of alimony, one must look to the law of Arkansas, the rendering state. As discussed above, the Arkansas law holds that once the divorce decree is granted, the question of alimony is res judicata, even though alimony was not sought and the issue was not litigated. Plaintiff cannot return to the Arkansas forum and raise the issue of alimony. Arkansas precludes her from ever raising this issue again. Because of Full Faith and Credit, Louisiana must give the same res judicata effect to the Arkansas decree as Arkansas would. Since plaintiff's claim for alimony would be barred in Arkansas, it cannot be now demanded in Louisiana. Defendant's peremptory exception of res judicata was correctly sustained.
Plaintiff alternatively contends that should we hold the Arkansas decree to be res judicata as to the issue of alimony, then res judicata is a procedural rule and thus need not be applied by Louisiana. Our review of the jurisprudence shows that the federal courts in deciding diversity actions consider res judicata to be a substantive issue. Priest v. American Smelting & Refining Co., 409 F.2d 1229 (9th Cir. 1969); Breeland v. Security Insurance Co. of New Haven, 421 F.2d 918 (5th Cir. 1969). The federal jurisprudence requires the res judicata effects of foreign judgments to be given Full Faith and Credit. Magnolia, supra; Semler, supra; Holm, supra; and Gov. Personnel, supra. Plaintiff's contention is without merit.
*441 Plaintiff also argues that should the Arkansas law preclude plaintiff from seeking alimony there, Louisiana should not be required to apply the Arkansas rule but should apply our res judicata provision which would permit a wife free of fault to seek alimony at a later time even though she did not seek alimony in the divorce action. LSA-C.C. Art. 2286.[1] The decision as to whether the Arkansas policy is good or bad and whether we desire to follow it is one we are not empowered to make. It is of the essence of Full Faith and Credit that one state may not inquire into the rightness or wrongness of another state's policy when enforcing the judgment. Magnolia, supra; Williams v. North Carolina, 317 U.S. 287, 63 S.Ct. 207, 87 L.Ed. 279; Fauntleroy v. Lum, 210 U.S. 230, 28 S.Ct. 641, 52 L.Ed. 1039; Yarborough v. Yarborough, 290 U.S. 202, 54 S.Ct. 181, 78 L.Ed. 269. In each of these cases the state to which the judgment was brought had an interest in the subject matter of the suit and a public policy contrary to that of the state in which the judgment was obtained. However, under Full Faith and Credit the interest of the state in which the judgment was obtained and was res judicata was held to override any contrary policy of the forum to which the judgment was taken. Virginia recognized it was required to deny alimony under its law to a wife who had received no alimony under Texas law in a Texas judgment of divorce in the decision of Osborne v. Osborne, 215 Va. 205, 207 S.E.2d 875 (1974):
"Under the United States Constitution and federal and Virginia statutes Mrs. Osborne was barred from relitigating in Virginia matters properly adjudicated by the Texas court. The constitutional mandate, as implemented by Congress, requires every state to give a foreign judgment at least the res judicata effect which the judgment would be accorded in the state which entered it. Durfee v. Duke, 375 U.S. 106, 109, 84 S.Ct. 242, 11 L.Ed.2d 186 (1963). In Barber v. Barber, 323 U.S. 77, 65 S.Ct. 137, 89 L.Ed. 82 (1944), the Supreme Court held that Tennessee was required to give effect to a North Carolina judgment, not subject to modification in North Carolina, for arrearages in alimony payments. See McKeel v. McKeel, 185 Va. 108, 112-113, 37 S.E.2d 746, 748-749 (1946). Subject to rare exceptions, the full faith and credit rule applies even though the sister state's judgment reflects policies hostile to those of the forum state. Estin v. Estin, 334 U.S. 541, 546, 68 S.Ct. 1213, 92 L.Ed. 1561 (1948); Magnolia Petroleum Co. v. Hunt, 320 U.S. 430, 438, 64 S.Ct. 208, 88 L.Ed. 149 (1943); Williams v. State of North Carolina, 317 U.S. 287, 294-295, 63 S.Ct. 207, 87 L.Ed. 279 (1942)." Id. at 879
Plaintiff's policy argument is thus without merit.
Judgment AFFIRMED at appellant's cost.
NOTES
[1] LSA-C.C. Art. 2286-The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.