387 So.2d 565 (1980)
Karen Townsend BROWN
v.
Donald R. BROWN.
No. 66429.
Supreme Court of Louisiana.
May 19, 1980.
Rehearing Denied September 19, 1980.[*]
Kenneth Rigby, Love, Rigby, Dehan, Love & McDaniel, Shreveport, for plaintiff-applicant.
Allen Howard Coon, Monroe, for defendant-respondent.
ELLIS, Justice Ad Hoc.
Plaintiff Karen Townsend Brown was divorced from her husband, Donald R. Brown, by judgment of the Chancery Court of Union County, Arkansas, on June 10, 1977. In that suit she prayed for and was granted the divorce, and custody of four minor children. Alimony was not prayed for and the judgment was silent on that point.
This suit was filed in August, 1978, asking that the Arkansas judgment be given full faith and credit; that she be awarded custody of the children; and that she be awarded alimony and child support. Defendant did not contest his obligation to pay child support, but filed a peremptory exception of res judicata as to the demand for permanent alimony. The exception was sustained in the trial court, and that judgment affirmed in the Court of Appeal. Brown v. Brown, 377 So.2d 438 (La.App. 2nd Cir. 1979). We granted certiorari to review the propriety of the judgment.
The common law rule of res judicata is much broader than the civilian rule which applies in Louisiana. Arkansas applies the broader common law rule. In Miller v. Miller, 209 Ark. 505, 190 S.W.2d 991 (1945) the Arkansas Supreme Court said:
"In the case of Nelson v. Nelson, 146 Ark. 362, 225 S.W. 619, 620, this court said:

*566 `It follows also that the allowance of attorney's fees must be reversed. At Section 49 of the article on Alimony in 1 R.C.L., at page 902, the law is announced as follows: `As a general rule, an action for alimony cannot be brought after the rendition of a judgment for divorce, even though the decree is silent on the matter; for, as the question of alimony might, and should, have been litigated therein, such decree operates as res judicata as to the question of alimony.' See, also, 7 R.C.L., p. 792.
`The original decree undertakes to settle, and did adjudicate, the marital rights of the parties. The divorce granted was an absolute one, and terminates the husband's liability for his wife's obligations. He would thereafter be no more liable for her lawyer's fees than he would be for any other contractual obligation which she had incurred.'
"In American and English Annotated Cases, vol. 40 (Ann.Cas.1916B), page 875, there is an extensive note or annotation on `Doctrine of Res Judicata as Applicable to Divorce Proceedings'; and on page 898 of that annotation, the rule is stated:
`All questions concerning alimony which are or ought to be determined in a divorce proceeding are res judicata in a subsequent proceeding in the same jurisdiction.'
"See also 17 Am.Juris. 442, 482, 484.
"There was no language in the divorce decree of September 25, 1944, reserving the question of alimony for subsequent disposition. When Mrs. Dessie Miller failed, either to have monthly payments of alimony provided in the decree of divorce, or to have the question of alimony reserved for further consideration, she allowed the decree to become res judicata on the question of alimony; . . ."
See also Ellis v. Ellis, 220 Ark. 639, 249 S.W.2d 302 (1952); Taylor v. Taylor, 153 Ark. 206, 240 S.W. 6 (1922).
We think it clear that plaintiff would be precluded from recovering alimony in Arkansas, since she neither asked for it in the Arkansas suit nor reserved her right to do so in the future.
Plaintiff, however, claims that Louisiana is not bound to apply the Arkansas rule of res judicata in its own courts. It is, of course, settled that this State will give full faith and credit to divorce decrees of other states which are unassailable in those states. U.S. Constitution, Art. 4, Sec. 1; Boudreaux v. Welch, 249 La. 983, 192 So.2d 356 (1966). In Golson v. Golson, 351 So.2d 100 (La.1977), this Court said:
"Article 4, Section 1 of the United States Constitution provides:
`Full Faith and Credit shall be given in each State to the public Acts, Records, and Judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof.'
"Pursuant to this grant of authority, Congress enacted the following statute:
`The Acts of the legislature of any State, Territory, or Possession of the United States, or copies thereof, shall be authenticated by affixing the seal of such State, Territory, or Possession thereto.
`The records and judicial proceedings of any court of any such State, Territory, or Possession or copies thereof, shall be proved or admitted in other courts within the United States and its Territories and Possessions by the attestation of the clerk and seal of the court annexed, if a seal exists, together with a certificate of a judge of the court that the said attestation is in proper form.

`Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken.' [Emphasis supplied.] 28 U.S.C. 1738.

*567 "Under the statute, therefore, Louisiana should give the Tennessee divorce the same effect that Tennessee would give it. New York v. Halvey, 330 U.S. 610, 67 S.Ct. 903, 91 L.Ed. 1133 (1947); Morris v. Jones, 329 U.S. 545, 67 S.Ct. 451, 91 L.Ed. 488 (1947)."
We therefore hold that the Arkansas judgment is entitled to full faith and credit, and we must give it the same preclusive effect that it would have in Arkansas. Plaintiff is precluded by that judgment from obtaining permanent alimony.
For the foregoing reasons, and for the reasons most capably expressed in the opinion of the Court of Appeal, the judgment is affirmed, at plaintiff's cost.
Affirmed.
CALOGERO, J., dissents and assigns reasons.
WATSON, J., dissents.
CALOGERO, Justice, dissenting.
I am not certain that res judicata bars assertion of a Louisiana right to post-divorce alimony in this case where both spouses now live in Louisiana and where the alimony issue was not litigated in the Arkansas divorce proceeding. This case appears to fall within the issue left open in Yarborough v. Yarborough, 290 U.S. 202, 54 S.Ct. 181, 78 L.Ed. 269 (1933). In Yarborough, supra the Supreme Court held that South Carolina was required to give full faith and credit to a Georgia judgment terminating a father's obligation to support his daughter upon payment of a lump sum to a trustee for his daughter. The daughter in Yarborough was domiciled in South Carolina, but the father at the time of suit was still a resident of Georgia. The court noted however, that they did not decide whether South Carolina would have had the power to require the father if he were domiciled in South Carolina to make further provision for the support, maintenance, or education of his daughter. 290 U.S. at 213, 54 S.Ct. at 185.
Justice Stone, dissenting in Yarborough, supra, stated that full faith and credit "does not command that the obligations attached to a status, because once appropriately imposed by one state, shall be forever placed beyond the control of every other state, without regard to the interest in it and the power of control which the other may later acquire." 290 U.S. at 219, 54 S.Ct. at 188. Justice Stone pointed out that it was universally accepted that a divorce decree which by its terms or by operation of law forbids remarriage could have no effect outside the state which rendered it. 290 U.S. at 217, 218, 54 S.Ct. at 187, 188.
In this case we should determine whether Louisiana under the circumstances presented here has sufficient interest in the subject matter to award post-divorce alimony notwithstanding the Arkansas jurisprudential rule that "what might have been" pleaded is barred by res judicata. See Reese and Johnson, "The Scope of Full Faith and Credit to Judgments," 49 Col.L.R. 153 (1949). Because the majority takes a mechanistic approach to full faith and credit and does not squarely face this issue, I respectfully dissent.
NOTES
[*] Calogero, Watson and Lemmon, JJ., would grant a rehearing.