**LAMB v. HENNIES et al.**

**No. 14110.**

United States Court of Appeals
Eighth Circuit.

Aug. 11, 1950.

Hebert & Dobbs, Hot Springs, Ark., on the brief, for appellant.

Curtis L. Ridgway and Earl J. Lane, Hot Springs, Ark., on the brief, for appellees.

Before GARDNER, Chief Judge, and THOMAS and COLLET, Circuit Judges.

GARDNER, Chief Judge.

This was an action brought by appellant to recover the value of certain personal property alleged to have been wrongfully converted by appellees to their own use. Appellant sued as heir at law and as personal representative of Hilda P. Lamb, deceased. He alleged that prior to the death of Hilda P. Lamb, deceased, Harry Hennies and Hilda P. Lamb were husband and wife, and cohabited together as such from March 31, 1945, until about March 8, 1947, at which time they separated, a divorce being granted to Hilda P. Lamb on March 26, 1947; that on April 14, 1948, she died intestate; that at the time of her divorce from Harry Hennies she owned personal property of the value of $12,838.00, then in possession of the defendant Harry Hennies and his mother, the defendant Daisy Hennies; that following her divorce from Harry Hennies she demanded possession of this property from the defendants but her demand was refused and the defendants thereby converted it to their own use; that the property so converted consisted of household goods and other items of personal property; that the property was purchased with her own separate funds.

Defendants in their answer denied that Hilda P. Lamb was ever the owner of the property described or that she paid therefor. They also denied that she had ever demanded possession of the property or that she was the owner thereof or entitled to such possession but alleged that the property was the property of the defendant Harry Hennies and was paid for by him. They also alleged that in March, 1947, while Hilda P. Lamb was the wife of defendant Harry Hennies, she filed suit for divorce, alleging that a property settlement

had been made and entered into by and between her and her then husband, Harry Hennies, a copy of said settlement agreement being attached to her complaint; that by the terms of said property settlement Harry Hennies paid his wife the sum of $10,000.00 in cash, and in consideration of said sum she agreed to release all her claims against her then husband by way of dower, alimony and maintenance; that a decree of divorce was granted by the Chancery Court of Garland County, Arkansas, in which said property settlement was approved by the court; that thereafter she executed a second release of defendant Harry Hennies in full settlement of all claims by her under her divorce settlement; that the defendant Harry Hennies paid the said sum of $10,000.00 with the understanding that the same was in settlement of all claims and demands of his wife against him or his property. The action was tried to the court without a jury.

The circumstances out of which this controversy arose are somewhat unusual. Harry Hennies and Hilda P. Lamb met in Chicago, Illinois, November 30, 1944. At that time defendant Hennies was married to Frances Hennies and Hilda P. Lamb was married to William H. McAfee. Each, however, had divorce proceedings pending and Hennies obtained a divorce January 24, 1945, while Hilda P. Lamb McAfee obtained a divorce February 15, 1945, and her maiden name was restored. Prior to the entry of these decrees of divorce Harry Hennies and Hilda P. Lamb McAfee had agreed to marry and proceeded to purchase from one E. P. Zeigler on December 29, 1944, a home on Mooney Drive in Hot Springs, Arkansas, together with certain furniture and furnishings. Title to the home was conveyed to Hilda P. Lamb, although her name at that time was Hilda P. Lamb McAfee. At that time Hennies had not obtained his divorce and the parties thought it would be better for the title to the home to be vested in Hilda P. Lamb. Hennies, however, paid the entire purchase price for the home and furniture, in the sum of $30,000.00, and subsequently, on January 13, 1945, the parties purchased certain other personal property from Zeigler, for which Hennies paid. At a later time and before the parties were married, purchases of household effects consisting of rugs and other property of the total value of $3,623.75, were made and paid for by Hennies, and at a somewhat later date further purchases were made and paid for by Hennies in the sum of $502.00. Subsequent to the marriage other purchases of personal property were made, all being paid for by funds furnished by Hennies. Legal title to the home at Hot Springs was vested in Harry Hennies by mesne conveyance subsequent to their marriage and before they were divorced.

Hilda P. Lamb Hennies filed suit for divorce March 26, 1947. The decree among other things provided that, "The Court further finds that on the 20th day of March, 1947, the parties hereto entered into a property settlement and separation agreement, by the terms of which the defendant, Harry W. Hennies, has paid to the plaintiff, Hilda Hennies, the sum of Ten Thousand ($10,000.00) Dollars, which the plaintiff has accepted in full and complete settlement of all her claims against the defendant for dower, alimony and maintenance, and that the plaintiff in said agreement has agreed that she will not make any further claim against the defendant or his property; the Court finds that said settlement is just and equitable, and the same is by the Court approved."

The property here involved consists of furniture and household furnishings which were located in the home occupied by Hennies and his wife at Hot Springs at the time of the entry of the decree of divorce, and it, with the exception of two articles of furniture which were moved to the home of the defendant Daisy Hennies, mother of defendant Harry Hennies, has remained in his possession ever since that time.

Following the granting of the divorce, Hilda P. Lamb remained in the home on Mooney Drive in Hot Springs, Arkansas, for two or three weeks and she then left the State of Arkansas and returned to the Hennies Bros. Shows which were being conducted by Harry Hennies. She worked for a time in various positions with the

shows and while with the shows she requested Daisy Hennies to ship to her certain personal property then in the home at Hot Springs, which request was complied with. Hilda P. Lamb did not demand of either Harry Hennies or Mrs. Daisy Hennies any other property and did nothing to recover any of the property involved in this action.

The court found all the issues in favor of the appellees and entered judgment dismissing appellant's action on its merits. On this appeal it is contended by the appellant that the court was in error in holding that Harry Hennies furnished the money for the purchase of the property involved and was the owner thereof. In his brief it is said that, "There is in fact but one point in this case and that is the ownership of the personal property as between Harry Hennies and his divorced wife, Hilda P. Lamb." Appellant has classified the property as (1) personal property purchased in the house deal, (2) the wedding gifts, and (3) the gifts from Hilda P. Lamb's brother.

Appellant contends that the title to the personal property which was in the home at Hot Springs, Arkansas, when that property was purchased, vested in Hilda P. Lamb before marriage and that she retained title to the personal property. In this connection it is urged that this personal property was a gift. There is no direct evidence of such gift and there is no basis for the claim of gift unless it can be said that such a gift could be inferred from the surrounding circumstances. It appears from substantially uncontradicted testimony that the property here involved was in possession of the defendant Harry Hennies and was paid for by him. He testified that he paid for all of the furniture that was purchased for the home in Hot Springs, either by check or by cash, and in support of his testimony his cancelled checks were produced and received in evidence, showing conclusively that the purchase price had been paid by him. It was the province of the trial court to consider and weigh the evidence and to determine what inferences might reasonably be drawn therefrom. From all the evidence the court determined not only that all the property involved had been paid for by Harry Hennies but that none of it was purchased as a gift for Hilda P. Lamb. Thus the court found as follows: "None of the property involved herein was paid for by the said Hilda P. Lamb. The purchase price of all of the property was paid by the defendant, Harry W. Hennies, and none of it was purchased by the said Harry W. Hennies as a gift to the said Hilda P. Lamb, and the parties in their property settlement entered into on March 29, 1947, intended to and did settle all claims of every kind that the said Hilda P. Lamb, might have had at that time against her husband, the defendant, Harry W. Hennies."

■ This finding of fact can not be set aside "unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses." Rule 52(a), Federal Rules of Civil Procedure, 28 U.S.C.A.

■ Among the circumstances considered by the trial court on this issue of alleged gift was the fact that in her lifetime and subsequent to her divorce, Hilda P. Lamb made no claim to the property and did nothing to recover any part of it, and the court specifically found that, "Any presumption that the property was in fact a gift to her is abundantly rebutted by the uncontradicted testimony and in no view of the testimony in the case can it be found by the Court that the plaintiff is entitled to recover anything."

■ It is also contended that the transactions involving the purchase of much of this property were in contemplation of a marriage and constituted an antenuptial settlement. Here again, there is, of course, no direct testimony of any such settlement or intention. The burden of proof throughout this case was upon the plaintiff and it must be borne in mind that at the time a considerable portion of this property was purchased the parties were not eligible to enter into a marriage contract, each being married to another spouse, and a transfer of property in consideration of marriage in order to be binding must be in consideration of a promise to marry. Such an en-

gagement the parties were incapable of entering into.

■ It is urged that the wedding gifts, constituting a part of the property involved, became the property of Hilda P. Lamb. These consisted of silverware and the undisputed evidence shows that they were purchased by the employees of Harry Hennies and given to him. The donors, who were Hennies' employees, did not know Hilda P. Lamb before the marriage.

■ It is finally contended that Hilda P. Lamb's brother gave her as a gift certain articles, consisting of a tablecloth and eight napkins, a small tablecloth and napkins, a serape from Mexico, and a grass skirt, all of the alleged total value of $60.00. These articles were of negligible value and there was no proof that they were part of the property in the possession of the defendants, and they do not seem to be listed in the exhibit attached to the complaint setting out the items of property claimed. The defendant Harry Hennies testified that he knew nothing about them and that appellant could have them if they were in his possession. The proof was insufficient to sustain a claim that this property had been converted by the appellees.

The decree of divorce which approved the property settlement between the parties was under the circumstances disclosed and the facts as found conclusive of the issues in this case. Ball v. Ball, 189 Ark. 975, 76 S.W.2d 71. It was alleged by Hilda P. Hennies in her action for divorce against Harry Hennies, " * * * that the parties have entered into a separation agreement and property settlement, a copy of which is attached hereto, in full and complete settlement of all of their property rights."

The property settlement provided that, " * * * and said wife accepts said sum of money in full and complete settlement of all her claims against said husband by way of dower, alimony and maintenance."

It is noteworthy too that in her lifetime Hilda P. Lamb asserted no claim to any of the property here in controversy. She had a later transaction with Harry Hennies by which she loaned him money and when that money was repaid to her she signed a release reciting that, "This payment is in full settlement of all claims by me under our divorce settlement, agreement and loan."

■ In referring to the effect of the property settlement, the trial court observed that, "The conduct of the parties is convincing that each of the principals considered the agreement as a full settlement of all property rights of every kind and character." The question of whether a settlement agreement covers all the property of the parties or all rights or claims of each in or against the property of the other, is dependent upon the terms of the agreement and the intention of the parties as shown by such agreement. 42 C.J.S., Husband and Wife, § 598, p. 180. If it should be conceded that Hilda P. Lamb had some interest in the property involved prior to the time she made her property settlement and secured her decree of divorce, we think that settlement and decree were conclusive upon her and no claim could thereafter be successfully asserted by her or those claiming through her.

As the findings of the court are abundantly sustained by substantial evidence, the judgment appealed from is

Affirmed.